643 So.2d 287 (1994)
STATE IN The Interest of R.E.B.
No. 26468-JA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
Indigent Defender Board by Charles A. Smith, Minden, for appellant.
John B. Slattery, Jr., Springhill, for appellee.
Before NORRIS, LINDSAY and VICTORY, JJ.
LINDSAY, Judge.
The defendant, R.E.B.,[1] appeals from his adjudication as a juvenile delinquent based upon his unauthorized entry of an inhabited dwelling, a violation of LSA-R.S. 14:62.3. Following his adjudication as a delinquent, R.E.B. was ordered placed in the custody of *288 the Department of Corrections for a time not to exceed his 18th birthday.
On appeal, R.E.B. argues that there is insufficient evidence upon which to base his adjudication for unauthorized entry of an inhabited dwelling. He also argues that the disposition was excessive. We note that on July 27, 1994, a motion to modify the judgment of disposition was granted by the juvenile court, terminating REB's legal custody by the Department of Corrections. Therefore, his argument on appeal that the disposition was excessive is moot.
However, the issue of sufficiency of the evidence upon which to base the delinquency adjudication is still before the court for consideration. For the following reasons, we affirm the juvenile court's adjudication.

FACTS
On April 11, 1993, between midnight and 1:00 a.m., Ms. Lois Keith of Springhill, Louisiana, heard a noise coming from the vicinity of the bedroom occupied by her teenage granddaughter. She armed herself with a pistol and went to investigate.
Ms. Keith saw a figure halfway through the window of the bedroom. She could not identify the person, but she fired at the individual. The intruder then fled the scene. The granddaughter was awakened and police were summoned.
It was determined that the screen had been removed from the window and the window was unlocked. It was also determined that Ms. Keith's granddaughter had visited with some boys, including the defendant, at her bedroom window earlier in the evening. At that time, the girl unlocked the window and never resecured it. The granddaughter also testified that at that point, there was no screen on the window.
The granddaughter expected the defendant to return to the window later in the evening, but she fell asleep before he arrived. In essence she testified at the trial that she knew she was not authorized to invite the defendant to visit at her window at night. At the time of this occurrence, the defendant was 15 years of age; the granddaughter was 14. The next day at school, the defendant showed the granddaughter where he had been shot in the arm by Ms. Keith while at the bedroom window.
The defendant was later charged with unauthorized entry of an inhabited dwelling. At trial, the defendant admitted going to Ms. Keith's residence on the date in question, but he testified that he never entered the house. He also stated that he had been invited to the house by Ms. Keith's granddaughter and that she had invited him to enter the house through the window. He contends that, because he had been invited, any entry that may have occurred was not unauthorized.

SUFFICIENCY OF EVIDENCE
In a juvenile delinquency proceeding, the state must prove beyond a reasonable doubt that the child committed every element of the offense alleged in the petition. LSA-Ch.C. Art. 883. The standard for the state's burden of proof is no less strenuous than the standard of proof required in a criminal proceeding against an adult. State in the Interest of B.J., 617 So.2d 238 (La. App. 5th Cir.1993); State in the Interest of J.W., 597 So.2d 1056 (La.App.2d Cir.1992).
On appeal, the standard of review for the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), i.e., whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt, is applicable to juvenile delinquency cases. State in the Interest of J.W., supra.
Further, in a juvenile delinquency proceeding, an appellate court is constitutionally mandated to review the law and facts. LSA-Const. Art. 5 § 10(B). Accordingly, under the civil standard of appellate review, Rosell v. ESCO, 549 So.2d 840 (La.1989), an appellate court must review the record to determine whether the trial court was clearly wrong or manifestly erroneous in its factual findings. State in the Interest of J.W., supra, State in the Interest of P.S., 459 So.2d 165 (La.App.2d Cir.1984).
*289 LSA-R.S. 14:62.3 defines the crime of unauthorized entry of an inhabited dwelling as the "intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person." The issue in this case is whether the state adequately proved beyond a reasonable doubt all essential elements of the offense charged.
The defendant first claims that he never entered the house and therefore that element of the offense was not proved. However, Ms. Keith testified that the person she fired upon had made entry into the house. Entry is accomplished whenever any part of the defendant's person passes the line of the threshold. It is sufficient that any part of the person intrudes even momentarily, into the structure. State v. Falls, 508 So.2d 1021 (La.App. 5th Cir.1987).
The assessment of credibility of the witnesses is properly within the realm of the fact finder and an appellate court should not second guess the credibility finding beyond the sufficiency evaluation under the Jackson v. Virginia, supra, standard. State v. Falls, supra.
Therefore, based upon Ms. Keith's testimony, the state did prove that the defendant entered the inhabited dwelling.
The main argument advanced by the defendant is that the state did not also prove that the entry was unauthorized. The defendant argues that even if entry did occur, it was not unauthorized because Ms. Keith's granddaughter invited him to enter the residence through the window.
Based upon our review of this record, and limited to the particular facts of this case, we find that the trial court was not manifestly erroneous in finding that the state proved, beyond a reasonable doubt, that the defendant's entry was unauthorized.
In the case of State v. Lozier, 375 So.2d 1333 (La.1979), the Louisiana Supreme Court stated that:
In the case of a private dwelling, a person must have the consent of an occupant or an occupant's agent to constitute a defense to "unauthorized" entry. This consent must be given by a person with authority and capacity to consent. [Citations omitted.] The consent must be voluntary and intelligent, that is, based upon a reasonable understanding of the identity and purpose of the intruder. [Citations omitted.] Obviously, a child who admits a total stranger would not necessarily have sufficient understanding of the circumstances of the entry to give valid consent to an entry. On the other hand once a maid, friend, or employee is given general consent to enter a house at certain times, that consent will generally remain valid until revoked or the terms of the consent exceeded. [Citations omitted.]
See also State v. Tuggle, 504 So.2d 1016 (La.App. 1st Cir.1987).
Ms. Keith testified that she did not give the defendant permission to enter the dwelling. The record indicates that Ms. Keith's granddaughter, who was underage and living with her grandmother temporarily, had instigated an initial meeting with the defendant at the window. When the defendant later returned, the granddaughter was apparently asleep, although the record is not clear on this point.
Nevertheless, assuming that the granddaughter invited the defendant to enter the home, she had no authority to allow such an entry through the window in the middle of the night under the circumstances present here. The granddaughter and the defendant testified they knew there was no authority for the defendant to gain entry to the residence in the middle of the night. Both the defendant and the granddaughter recognized that the defendant's presence at the residence was unauthorized. Under the reasoning in State v. Lozier, supra, even though under some circumstances the granddaughter may have had authority to invite people into her grandmother's house, that authority did not extend to inviting people to enter the house through a window in the middle of the night. The granddaughter and the defendant obviously knew that the granddaughter's authority to allow entry to the dwelling did not extend to permit entry under these circumstances. Accordingly, we find that the *290 defendant did not have authority to enter the house.
Limited to the facts presented in this case, we find that the state proved beyond a reasonable doubt that R.E.B. committed all elements of the offense of unauthorized entry of an inhabited dwelling.

CONCLUSION
For the reasons stated above, we affirm R.E.B.'s adjudication of delinquency for unauthorized entry of an inhabited dwelling. Because R.E.B. has already been released from state custody, his claim of excessiveness of the disposition is moot.
AFFIRMED.
NOTES
[1] Pursuant to the requirements of confidentiality of juvenile proceedings as set forth in LSA-Ch.C. Art. 412, the defendant herein is referred to by initials only.