759 So.2d 946 (2000)
STATE of Louisiana
v.
Joseph PETTY.
No. 99-KA-1307.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 2000.
*948 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Rebecca J. Becker, Richard C. Bates, Assistant D.A.'s, Gretna, La., for Plaintiff-Appellee.
Margaret S. Sollars, Thibodaux, LA, for Defendant-Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and MARION F. EDWARDS.
DUFRESNE, Judge.
The Jefferson Parish District Attorney filed a bill on information charging the defendant, Joseph Petty, with one count of simple burglary in violation of LSA-R.S. 14:62. The matter proceeded to trial before a six person jury, at the conclusion of which the defendant was found guilty as charged. As a result of this conviction, the trial court sentenced the defendant to twelve years imprisonment at hard labor. The defendant then made an oral motion for reconsideration of sentence, which was denied. It is from this conviction and sentence that the defendant now appeals.

FACTS
On December 20, 1998, Officer Scott Zemlik of the Gretna Police Department was on routine patrol in the area around Lafayette Street and the Westbank Expressway in Gretna. At approximately 4:45 a.m., as he turned off Lafayette Street onto 15th Street, he observed an individual break the window of a red Mitsubishi Eclipse and reach inside. Officer Zemlik stopped his patrol car, exited, and ordered the subject to stop. The perpetrator looked at the officer and then fled in the opposite direction, dropping a jack stand in the process. The officer pursued the individual on foot, eventually apprehended him with the assistance of another officer, and then placed him under arrest. Officer Zemlik identified the defendant in court as the individual that he saw break into the vehicle.
In addition to the testimony of Officer Zemlik, the state, at trial, presented the testimony of Greer Griffin, the owner of the vehicle. She testified that on December 20, 1998, after 4:30 a.m., someone broke into her car while she was at O'Charley's in Gretna. Ms. Griffin further testified that she did not give anyone permission, including the defendant, to enter her car.

SUFFICIENCY OF THE EVIDENCE
In his first assigned error on appeal, the defendant challenges the sufficiency of the evidence used to convict him. He specifically contends that the state failed to prove that he entered the car or that he had the specific intent to commit a felony or theft therein.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986).
When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that *949 the defendant is guilty beyond a reasonable doubt. State v. Guccione, 96-1049 (La.App. 5 Cir. 4/29/97), 694 So.2d 1060, writ denied, 97-2151 (La.3/13/98), 712 So.2d 869.
In the present case, the defendant was convicted of simple burglary. That offense is defined in LSA-R.S. 14:62 as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein." The requisite intent required by LSA-R.S. 14:62 is specific intent. State v. Chirlow, 99-142 (La.App. 5 Cir. 6/1/99), 738 So.2d 679. Specific criminal intent exists "when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10. Specific intent is a state of mind and, as such, need not be proven as a fact, but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard. State v. Huizar, 414 So.2d 741 (La.1982); State v. Chirlow, supra.
In the present case, the defendant argues that the state failed to present sufficient evidence to support a finding that he entered the car. We find this contention to be without merit. Entry is accomplished whenever any part of the defendant's person passes the line of the threshold. It is sufficient that any part of the person intrudes, even momentarily, into the structure. State in Interest of R.E.B., 26,468 (La.App. 2 Cir. 9/21/94), 643 So.2d 287. At trial, Officer Zemlik testified consistently that he saw the defendant break the car window and reach or lean inside. During his testimony, the officer testified that, "As I was turning off Lafayette onto 15th Street, proceeding eastbound, I observed the subject break a window, reach in, he saw me and fled." He further testified that, "I observed glass fly, I observed the subject reach inside the vehicle." In addition, the officer stated that, "After the window smashed, he appeared to reach in the vehicle." We find this testimony clearly sufficient to support a finding that the defendant entered the vehicle.
The defendant also argues that the state failed to prove that he had the specific intent to commit a felony or theft inside the car. We likewise find no merit to this argument. At trial, Officer Zemlik testified that at 4:45 a.m., on December 20, 1998, he observed the defendant break the window of a red Mitsubishi and reach inside. When the officer ordered him to stop, the defendant fled, dropping a jack stand in the process. The testimony was clear that the vehicle did not belong to the defendant, nor did he have permission to enter the vehicle. When viewing the evidence presented at trial in the light most favorable to the prosecution, it is difficult to imagine any hypothesis that does not include the specific intent to commit a felony or theft therein. Accordingly, based on the foregoing discussion, we find that the evidence clearly supports the defendant's conviction for simple burglary.

EXCESSIVE SENTENCE
In his second assigned error, the defendant complains that his sentence of twelve years at hard labor is excessive.
The Eighth Amendment to the United States Constitution and Article 1, § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks *950 the sense of justice. State v. Jones, 98-1055 (La.App. 5 Cir. 2/23/99), 729 So.2d 95.
Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender. However, the trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212.
In the present case, the defendant was convicted of simple burglary. According to LSA-R.S. 14:62, "whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both." In the present case, the trial court sentenced the defendant to twelve years at hard labor. The defendant complains that this maximum sentence is "grossly excessive and serves no measurable contribution to acceptable goals of punishment."
We first note that the sentence imposed was not the maximum sentence allowable by law because no fine was imposed. State v. Morris, 98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076. Moreover, we find that the record supports the sentence of twelve years. In imposing sentence, the trial judge considered the provisions of LSA-C.Cr.P. art. 894.1, specifically noting that the defendant had at least four prior felony convictions, two of which were for violent offenses. The court further noted that the defendant was in need of correctional treatment which could be best provided by his commitment to an institution. Also, the judge expressed his belief that any lesser sentence would deprecate the seriousness of the crime.
Based on the foregoing discussion and in light of the considerations set forth by the trial judge, we find that the twelve year sentence imposed on the defendant is not excessive.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals no such errors.
For the reasons set forth herein, we hereby affirm the defendant's conviction and sentence.
AFFIRMED.