782 So.2d 22 (2001)
STATE of Louisiana
v.
Jotina L. BAILEY.
No. 00-KA-1398.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 2001.
*23 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Richard C. Bates, Assistant District Attorneys, Gretna, LA, Counsel for the State.
Margaret S. Sollars, Thibodaux, LA, Counsel for Defendant-appellant.
Court composed of Judges GOTHARD, McMANUS, and WALTER J. ROTHSCHILD, Pro Tempore.
McMANUS, Judge
The Defendant appeals her conviction of simple burglary arguing that the evidence was insufficient to support such a conviction. For the reasons that follow, we affirm the conviction and find that there was sufficient evidence to support the Defendant's conviction for simple burglary.

STATEMENT OF THE CASE
Defendant, Jotina Bailey, was charged in a bill of information, along with co-Defendants Curtis Simmons and Levorn Simmons, with aggravated burglary and aggravated battery in violation of LSA-R.S.14:60 and 14:34. Both co-Defendants pled guilty but Ms. Bailey proceeded to trial on February 14, 2000. After a two-day trial, a 12-person jury unanimously found Ms. Bailey guilty of simple burglary, a responsive verdict to aggravated burglary, and not guilty of aggravated battery.
On May 8, 2000, after a pre-sentence investigation, Ms. Bailey was sentenced to four years at hard labor with two years suspended in favor of three years of active probation, with the special condition that she maintain permanent employment during probation. Thereafter, Ms. Bailey filed a Motion for Appeal which was granted on May 11, 2000.

FACTS
At approximately 7:50 a.m. on June 21, 1999, Jotina Bailey accompanied co-Defendants, *24 Curtis Simmons and Levorn Simmons, to the apartment of Sonia Herrera in the 2300 block of Lapalco Boulevard where Ms. Herrera lived with her fianceÃ©, Donald Ray Clark. Ms. Bailey knocked on the door while Curtis and Levorn stood on each side, out of sight. Ms. Herrera testified that Ms. Bailey identified herself as "Shawanda" and asked to speak to Ray. As Ms. Herrera unlocked the door, Ms. Bailey, Curtis and Levorn barged into the apartment. Ms. Herrera was hit with a gun, knocked to the floor, and shot in the back. The victim testified that Ms. Bailey ran out of the apartment after the shot was fired.
Levorn, who had the gun, then picked the victim up by her hair and told her to keep her head down. He put the gun to the victim's head, demanded money, and walked her around the apartment. After ransacking the apartment, Curtis and Levorn left, at which time the victim called 911.
The police arrived within minutes. An ambulance was called and the victim was taken to Charity Hospital. Curtis and Levorn were located and arrested less than five minutes away from the victim's apartment. After being advised of his rights, Curtis gave a statement to the police implicating Ms. Bailey. Ms. Bailey learned that the police were looking for her and turned herself in.

ASSIGNMENT OF ERROR
Ms. Bailey argues there was insufficient evidence to convict her of simple burglary. In particular, Ms. Bailey maintains there was no evidence to show that she had specific intent to commit a burglary. She further contends there was no testimony placing her inside the victim's apartment.[1]
The constitutional standard of review for determining the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It is not the function of the appellate court to second-guess the credibility determinations of the trier of fact or to re-weigh the evidence. State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983); State v. Carter, 98-24 (La.App. 5 Cir. 5/27/98), 712 So.2d 701, writ denied, 98-1767 (La.11/6/98), 727 So.2d 444.
Ms. Bailey was convicted of simple burglary which is defined in LSA-R.S. 14:62 as "the unauthorized entering of any dwelling ... with the intent to commit a felony or any theft therein...." The requisite intent required by LSA-R.S. 14:62 is specific intent. State v. Petty, 99-1307 (La.App. 5 Cir. 4/12/00), 759 So.2d 946, 949.[2] Specific criminal intent exists "when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10. Specific intent is a state of mind and need not be proven as a fact but may be inferred from the circumstances and actions of the defendant. Petty, 759 So.2d at 949. The determination of *25 whether the requisite intent is present in a criminal case is for the trier of fact and a review of the correctness of the determination is to be guided by the Jackson standard. Id.
Co-Defendant, Curtis, testified that he and Levorn went to the victim's apartment to commit a burglary. However, he stated Ms. Bailey was unaware of the plan. He explained that Ms. Bailey accompanied him when he left the home they shared because Ms. Bailey was afraid he would not return.
Ms. Bailey testified that she had no idea Curtis and Levorn were planning to commit a burglary. Rather, she wanted to go with Curtis the morning of the incident because sometimes he would be gone for days and she suspected Curtis was cheating on her. She specifically stated that she went with Curtis that morning to see if he was cheating on her. Ms. Bailey explained that she did not know where they were going until after she was in the car.
Ms. Bailey initially testified that when they arrived at the victim's apartment, she thought it was the apartment where the girl with whom Curtis was cheating lived. However, on cross-examination, Ms. Bailey testified that after she left the apartment with Curtis and learned they were going to the victim's apartment, she knew they were going "to score dope." Ms. Bailey also admitted giving a prior statement wherein she stated that she, Curtis and Levorn went to the victim's apartment "to score dope."
Once at Ms. Herrera's apartment, Ms. Bailey testified that she knocked on the door and asked for Ray because he was the person from whom they "scored their dope." The victim testified that Ms. Bailey identified herself as "Shawanda" rather than her real name, Jotina Bailey. However, Ms. Bailey denied she announced who she was at the time she knocked. Ms. Bailey testified that once she discovered Ray was not in the apartment, she became mad and walked off before the victim opened the door because she thought Curtis was cheating on her with the victim. However, the victim testified that Ms. Bailey barged into the apartment with the two co-Defendants.
Shortly after the incident, Ms. Bailey was seen cutting her hair with a pair of scissors. In particular, the police took a statement from David Prevo who stated that when she went to tell Ms. Bailey that Curtis and Levorn had been picked up by the police, she saw Ms. Bailey cutting her hair.
These facts are sufficient to establish that Ms. Bailey had the requisite specific intent to sustain a conviction for simple burglary. Clearly, the jury did not believe either Ms. Baileys' or Curtis' testimony that Ms. Bailey did not know Curtis and Levorn were going to the victim's apartment to burglarize it.
There was testimony that Ms. Bailey went to the victim's apartment to get drugs. When they arrived at the victim's apartment, Ms. Bailey knocked on the door while her two co-Defendants stood on each side of the door, out of sight. Ms. Bailey then identified herself by a false name. As the victim unlocked the door, Ms. Bailey and her co-Defendants barged into the apartment. It was not until after the shot was fired that Ms. Bailey left the apartment. Also, Ms. Bailey tried to alter her appearance shortly after the incident. We conclude that these facts support an inference that Ms. Bailey had the specific intent to commit a felony or theft when she accompanied Curtis and Levorn to the victim's apartment.
Ms. Bailey also asserts that there was no evidence that she actually entered the apartment. Entry for purposes *26 of simple burglary is accomplished whenever any part of Ms. Baileys' person passes the line of the threshold. It is sufficient that any part of the person intrudes, even momentarily, into the structure. State v. Petty, 99-1307 (La.App. 5 Cir. 4/12/00), 759 So.2d 946, 949.
At trial, both Ms. Bailey and Curtis denied that Ms. Bailey ever went into the victim's apartment. However, Curtis admitted that he had previously told the police that after the gunshot he turned around to look for Ms. Bailey but she was gone. The victim unequivocally testified that Ms. Bailey was in her apartment and left after the gun was fired. In particular, the victim stated that Ms. Bailey barged into the apartment and was at least three feet into the apartment when the gun was fired, after which time Ms. Bailey left.
The testimony of the victim clearly establishes the entry element of simple burglary. Again, the jury made a credibility determination between the testimony of Ms. Bailey, the co-Defendants, and the victim.
Thus, in viewing the evidence in a light most favorable to the prosecution, the record supports Ms. Baileys' conviction for simple burglary. Specifically, the record demonstrates that a rational trier of fact could conclude beyond a reasonable doubt that Ms. Bailey had specific intent to commit a felony or theft of the victim's apartment and that Ms. Bailey actually entered the victim's apartment.

ERRORS PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
A portion of Ms. Baileys' sentence was suspended and Ms. Bailey was placed on active probation. The trial court imposed various conditions of probation in accordance with LSA-C.Cr.P. art. 895. However, the trial court failed to comply with subsection (G) of Article 895 which provides in pertinent part:
Before the court places the defendant on probation, it shall determine if the defendant has a high school degree or its equivalent and, if the defendant does not, it shall order the defendant to take a reading proficiency test. If the defendant scores below a sixth grade level on the reading proficiency test, the court shall condition probation upon the defendant's enrolling in and attending an adult education or reading program until he attains a sixth grade reading level or until his term of probation expires, whichever occurs first.
The pre-sentence investigation report shows that Ms. Bailey has a ninth grade education. During sentencing, the trial court asked Ms. Bailey if she had a GED and she replied that she did not. Nonetheless, the trial court did not order a reading proficiency test as required by LSA-C.Cr.P. art. 895(G).
We conclude that although such a failure constitutes an illegally lenient sentence, the state failed to raise the issue on appeal and therefore, the sentence cannot be disturbed. State v. Barroso, 99-1297 (La. App. 5 Cir. 5/17/00), 762 So.2d 206.
In addition, there is a discrepancy between the commitment and the transcript. In particular, as a special condition of Ms. Baileys' probation the trial court imposed a requirement that Ms. Bailey remain permanently employed during her probation. This special condition of probation is not reflected in the commitment. When there is a discrepancy between the transcript and the commitment, the transcript prevails. State v. Lynch, *27 441 So.2d 732 (La.1983). As such, we remand this matter so that the trial court may amend the commitment to reflect the special condition of probation that Ms. Bailey remain employed during the period of her probation.

CONCLUSION
For the foregoing reasons, Ms. Baileys' conviction for simple burglary is affirmed. The case is also remanded so that the trial court may amend the commitment to reflect what is contained in the transcript concerning the conditions of Ms. Baileys' probation.
AFFIRMED AND REMANDED TO CORRECT ERRORS PATENT.
NOTES
[1] Ms. Bailey failed to file a post verdict judgment of acquittal challenging the sufficiency of the evidence pursuant to LSA-C.Cr.P. art. 821. However, such failure does not preclude appellate review of the sufficiency of the evidence. State v. Washington, 421 So.2d 887 (La.1982).
[2] Writs were filed in this case with the Louisiana Supreme Court on June 15, 2000. However, as of this writing, the Supreme Court has yet to render an opinion.