No. 99,997

STATE OF KANSAS, *Appellee,* v. RAY F. GARCIA, *Appellant.*
(207 P.3d 251)

Opinion filed May, 22, 2009.

*Meryl Carver-Allmond,* of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Boyd K. Isherwood,* assistant district attorney, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: This court affirmed Ray Garcia's conviction for felony murder with rape or attempted rape as the underlying felony, but reversed his separate rape conviction and remanded with directions to vacate his rape sentence. *State v. Garcia,* 285 Kan. 1, 169 P.3d 1069 (2007). Garcia essentially argues that on remand the district court inappropriately determined that the felony murder was "sexually motivated," which required his registration as a sexual offender pursuant to K.S.A. 22-4901 *et seq.* Our jurisdiction is under K.S.A. 22-3601(b)(1), a maximum sentence of life imprisonment imposed.

Garcia makes three specific arguments in his appellate brief:

1. The district court had no jurisdiction on remand to reopen sentencing on Garcia's felony-murder conviction, *i.e.,* to make a "sexually motivated" finding which required his registration under the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.*

2. The district court failed to find beyond a reasonable doubt that Garcia's crime was sexually motivated.

3. The district court violated Garcia's Sixth and Fourteenth Amendment rights when it increased his punishment by requiring him to register as a sex offender without proof to a jury beyond a reasonable doubt.

Because we hold that the district court's action on remand was to clarify, not change, its holding at the original sentencing hearing, we reject Garcia's arguments. Accordingly, we affirm the district court.

The basic facts are set forth in *Garcia*, 285 Kan. 1. In November 1995, Wichita police found P.E., a 73-year-old woman, dead in her apartment. The coroner concluded that her genital injuries resulted from an assault that occurred hours before her death. He could not, however, state the specific cause of death or the mechanism of death: suffocation or heart attack from the stress of a physical assault.

P.E.'s death eventually became a "cold case." Additional leads were later developed which led to charges being filed against Garcia in January 2004, more than 8 years after the crimes were committed. The jury found him guilty of both rape and felony first-degree murder, with rape or attempted rape as the underlying felony.

Garcia's sentencing occurred on January 20, 2005. The court imposed consecutive sentences: life in prison for the felony murder, which the court found was the primary offense, and 408 months' imprisonment for the rape. The following colloquy occurred at the end of the hearing:

> "[Court]: . . . Mr. Garcia, you are a convicted felon, as such you are prohibited from carrying or possessing a firearm, pursuant to K.S.A. 21-4204, which makes that a separate felony offense. I will also direct that you submit specimens of your blood and saliva to the KBI [Kansas Bureau of Investigation], pursuant to K.S.A. 21-2511. You are not—*I'll also inform you that you do have a duty to register as provided by the Habitual Sex Offender Registration Act.* Is there anything further, [prosecutor]?
> "[Prosecutor]:      No, I don't believe so, Your Honor.
> "[Defense counsel]:  None by the defense, Your Honor.
> "[Court]:             Thank you." (Emphasis added.)

The proceedings then ended.

The journal entry of judgment was filed that same day. Its Section III, captioned "Current Conviction Information," states that first-degree murder is the "most serious offense of conviction." That section further provides that the offense is contained in K.S.A.

21-3401(b); that the severity level for first-degree murder is "off grid"; that Garcia's sentence for this offense is "Life 15"; and that he is subject to "life parole." Finally, under the printed question "Was the crime sexually motivated?", the journal entry states: "Yes."

The next page of the journal entry of judgment provides that the high figure in the presumptive sentencing range for the rape conviction was 408 months and that the sentence actually imposed on the rape conviction was 408 months. Section VI, captioned "Recap of Sentence," provided "life imprisonment (Life 15) plus 408 months."

The last page of the journal entry provides in Section VI, captioned "Additional Comments," that among other things "[t]he court has certified the defendant as a sex offender and has informed the offender of the duty to register as provided by the sex offender registration act."

On October 26, 2007, this court issued its opinion in *Garcia*. We held that Garcia's prosecution for rape violated the Ex Post Facto Clause of the United States Constitution and consequently reversed that conviction. However, we held that sufficient evidence supported his conviction for felony murder, even though it was based upon either rape or attempted rape as the underlying felony. We concluded: "The felony-murder conviction is affirmed, the rape conviction is reversed, and we remand to the district court with directions to vacate the rape sentence." *Garcia*, 285 Kan. at 23.

After issuance of the mandate, the remand hearing was held on January 18, 2008. According to the transcript, early in the hearing the prosecutor expressed her opinion interpreting *Garcia* as simply remanding

"with directions to vacate the rape sentence, which is all, I think, you need to do. And then I can put that in the journal entry. And everything else that happened at the prior sentencing would stand. I ask the court at this time to make that finding and order."

The transcript reveals that the court then did simply vacate the rape sentence and left untouched the sentence on the felony-mur-

der conviction. The judge stated, "[T]he only count that matters here today is the rape charge, which has been vacated. *There is no reason for any resentencing on the Count One, the homicide. . . .* I am going to therefore vacate the sentence that I previously issued on Count Two [the rape]." (Emphasis added.)

From the transcript it appears that the prosecutor then requested a reaffirmation of the court's purported January 2005 finding that the felony murder was sexually motivated, which would mandate Garcia's registration as a sex offender under K.S.A. 22-4901 *et seq.*

| "[Court]: | I have ordered him, to, I believe, I had made a finding [of a sexually-motivated offense] before, because I ordered him to register as provided by the habitual sex offender registration act. |
| "[Prosecutor]: | That's correct. You've done that on both cases. But I just wanted it to be clear, now that the rape sentence has been vacated — |
| "[Court]: | Right. |
| "[Prosecutor]: | — that that still is an appropriate finding." |

Garcia essentially argues that the judge nevertheless proceeded to make a finding—for the first time—that the felony murder was sexually motivated. The judge first observed that the Supreme Court had rejected Garcia's claim of insufficient evidence to support the felony-murder conviction based upon attempted rape. However, the judge then stated:

"Certainly, that [the rejection] would extend to making a finding *at this time by me* . . . that there *are* factual circumstances sufficient for me *to make a finding* that 'the crime' was sexually motivated." (Emphasis added.)

Garcia argues that on remand the court was limited to simply vacating the rape conviction and had no jurisdiction to make this purportedly additional finding. He cites *State v. Dumars*, 37 Kan. App. 2d 600, 603, 154 P.3d 1120 (2007), where the Court of Appeals held:

"When an appellate court has remanded a case for further proceedings consistent with its mandate, a district court is obligated to effectuate the mandate and may consider only those matters essential to the implementation of the ruling of the appellate court."

Garcia further argues that the district court's finding of sexual motivation from the original sentencing—as evidenced by the court's reference there to the registration requirement—referred exclusively to the rape, which conviction has been reversed and its accompanying sentence vacated. As a result, he contends, there currently is no valid finding of sexual motivation and his registration requirement no longer exists.

The State generally responds that on remand there was no additional factual finding of sexual motivation for the felony-murder conviction. Rather, the court was simply explaining why the reversal of the rape conviction and vacation of the accompanying sentence had no effect upon its previous sexual motivation finding. The State argues that even if an inappropriate new finding had been made, it was of no consequence, again because the finding had already been made at the original sentencing, as confirmed and clarified by the journal entry.

The State also argues that Garcia's direct appeal was the proper time for him to have asserted his other claims, *e.g.*, the district court's purported failure to find beyond a reasonable doubt that Garcia's felony murder was sexually motivated. Accordingly, he is now too late. As the State summarizes, "A defendant may not employ an appeal from a remand to raise new issues before this court he could have asserted at the time the direct appeal was originally pending."

We agree with the State that the district court's finding that the felony murder was sexually motivated was made at the original sentencing on January 20, 2005. Accordingly, we need not analyze the other arguments in detail.

We begin our analysis with an acknowledgment that the actual sentencing occurs when the court pronounces the sentence from the bench. *State v. Howard*, 287 Kan. 686, 692, 198 P.3d 146 (2008) (citing *State v. Moses*, 227 Kan. 400, 402, 607 P.2d 477 [1980]). We also recognize that not all of the court's statements at the January 2005 sentencing are clear. There was no express finding that either, or both, crimes of conviction—rape, and felony murder based upon rape or attempted rape—were sexually motivated. The court merely informed Garcia of his registration re-

quirement as a sex offender, which is a result of a conviction of a sexually violent crime. See K.S.A. 22-4902(b), (c)(1); K.S.A. 22-4904.

The court's indistinctness, however, was clarified with its journal entry later that same day. While the oral pronouncement of sentence from the bench was not clear on which crimes were sexually motivated, the journal entry makes it expressly clear. In the section describing only the first-degree felony murder, in response to the question "Was the crime sexually motivated?", the journal entry states: "Yes." In other words, " 'the journal entry properly reflects the sentence imposed by the district court at the time of sentencing.' " *Howard,* 287 Kan. at 693 (quoting *State v. Crawford,* 253 Kan. 629, 649-50, 861 P.2d 791 [1993]).

We acknowledge that a journal entry is merely a record of the sentence imposed and the sentencing court has no jurisdiction to change the sentence after pronouncement. See *Howard,* 287 Kan. at 692. In our view, sentence clarification, and not modification, is what occurred. There simply is no indication that the court changed its mind between the sentence pronouncement and the journal entry.

This situation contains some parallels to our case law involving sentences orally pronounced from the bench that are later clarified, not modified, by another oral sentencing pronouncement, and then correctly journalized. In *State v. Crawford,* we held that the trial judge did not change his mind, vacate the sentence, and try to change the length. 253 Kan. at 649. Rather, "the judge consistently intended to sentence Crawford to 60 years to life. In articulating the terms, however, he either miscalculated or misspoke. However, upon inquiry by the State, he clarified that the four 15-years-to-life sentences were to run consecutively to each other." 253 Kan. at 649. Similarly, in *State v. Howard,* we held that the trial judge either miscalculated or misspoke, but essentially stated that he never intended to impose a sentence like the defendant alleged: life, plus 15 years to life. We held: "In sum, the trial judge in the instant case merely clarified, and did not change his mind about, the sentences pronounced from the bench." *Howard,* 287 Kan. at 695.

Contrast *State v. Royse,* 252 Kan. 394, 845 P.2d 44 (1993), in which the trial court imposed maximum sentences of 15 years to life on two counts of second-degree murder but failed to state whether the sentences were to run concurrently or consecutively; upon realizing its negligence, the court ordered the sentences to run consecutively. The Supreme Court held for the defendant, ruling, among other things, that the sentencing was complete when orally pronounced during the first court proceeding and could not be increased. *Royse* also noted K.S.A. 21-4608(a), providing that whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently. See *State v. Zirkle,* 15 Kan. App. 2d 674, 814 P.2d 452 (1991) (after sentencing defendant to term of 1 to 5 years' imprisonment, court inquired as to jail time defendant had already served; upon learning he had already served 6 months, court vacated sentence and ordered it increased to 2 to 5 years; Court of Appeals held trial court changed its mind and sentence could not be increased).

Moreover, we observe that the court, the prosecutor, and defense counsel all signed the January 20, 2005, journal entry which declared the felony murder was sexually motivated. Indeed, no defense objection whatsoever appears in the record on this issue until after this matter was remanded 3 years later. Accordingly, we agree with the State that any objection by Garcia to any alleged district court shortcomings during its January 2005 sentencing or in its resultant journal entry should have been made well before the present appeal, *i.e.,* in the original direct appeal. See *State v. Johnson,* 269 Kan. 594, 601, 7 P.3d 294 (2000). None was made there.

Affirmed.