IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 108,885

STATE OF KANSAS,
*Appellee*,

v.

AMI LATRICE SIMMONS,
*Appellant*.

SYLLABUS BY THE COURT

Nonsex offenders seeking to avoid retroactive application of provisions of the Kansas Offender Registration Act (KORA) must, in order to satisfy the "effects" prong of the test set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), produce a record that distinguishes—by the "clearest proof"—KORA's effect on those classes of offenders from the Act's effects on sex offenders as a class.

Review of the judgment of the Court of Appeals in 50 Kan. App. 2d 448, 329 P.3d 523 (2014). Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed December 1, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Amy E. Norton*, assistant county attorney, argued the cause, and *Charles Ault-Duell*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

1

STEGALL, J.:  In 2005, Ami Latrice Simmons pled guilty to possession of cocaine with the intent to distribute and to selling cocaine. The district court sentenced her to serve 30 months in prison, and she was paroled in October 2008. While serving her prison sentence, the Kansas Legislature amended the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., to require drug offenders such as Simmons to register. After she was released on parole, Simmons alleges she was "ordered" or required to register by the Kansas Bureau of Investigation or the Kansas Department of Corrections, and she began to do so. The State does not contest the fact that Simmons was notified of her obligation to register by some agency of the executive branch of government.

In 2011, the State charged Simmons with failing to register as required by KORA. In response, Simmons argued the retroactive application of KORA violated the Ex Post Facto Clause of the United States Constitution. The district court disagreed. After a trial on stipulated facts, Simmons was found guilty and ordered to pay a $200 DNA database fee.

Simmons appealed on three grounds:  (1) she reasserted her ex post facto challenge; (2) she appealed the imposition of the DNA database fee; and (3) she argued that even if drug offender registration under KORA was not punishment and thus not subject to the Ex Post Facto Clause, it was nonetheless a part of her 2005 sentence which could not be modified by the executive branch. A panel of the Court of Appeals held the Legislature "intended the KORA registration requirements to be imposed automatically by operation of law without court involvement and to represent nonpunitive collateral consequences of judgment that are distinct from, and not a part of, a criminal sentence." *State v. Simmons*, 50 Kan. App. 2d 448, 463, 329 P.3d 523 (2014). As such, it rejected Simmons' unique claim that the executive branch had unlawfully modified her sentence. It also found no merit to her ex post facto challenge and concluded that she was statutorily required to pay a DNA database fee under the circumstances of this case.

2

We granted Simmons' petition for review. Finding no error below, we affirm.

ANALYSIS

Simmons first claims the application of KORA, as a whole, to her violates the Ex Post Facto Clause of article I, § 10 of the United States Constitution. We recently analyzed KORA in this context using the intent-effects test set forth by the United States Supreme Court and concluded lifetime sex offender registration does not constitute "punishment" for purposes of applying any provision of the federal Constitution. *State v. Petersen-Beard*, 304 Kan. 192, 198-209, 377 P.3d 1127 (2016) (relying on the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 [1963]). We therefore held that the 2011 version of KORA could not violate federal prohibitions against cruel and unusual punishment. See 304 Kan. at 208-09. And not long ago, we "explicitly extend[ed] the holding of *Petersen-Beard* to apply to ex post facto challenges." *State v. Reed*, 306 Kan. 899, 904, 399 P.3d 865 (2017).

Therefore, to establish that the application of KORA to her amounts to a retroactive punishment, Simmons must demonstrate that drug offenders as a class are sufficiently distinguishable from the class of sex offenders such that the effects of the law become punitive rather than civil when applied to drug offenders. We recently confronted this question in *State v. Meredith*, 306 Kan. 906, 399 P.3d 859 (2017). In that case, we declined to hold that KORA registration is punishment where the record is insufficiently developed for the defendant to persuasively argue that the Legislature's nonpunitive intent must give way to KORA's allegedly punitive effects on drug offenders as a class separate and distinct from sex offenders. 306 Kan. at 910; see *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) ("Because we 'ordinarily defer to the legislature's stated intent,' [citation omitted], '"only the clearest proof" will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty,' [citations omitted]."); see also *State v. Myers*, 260 Kan. 669, 923 P.2d

3

1024 (1996) (holding that the Legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme); *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016) (upholding *Myers*' determination that the Legislature intended to enact a nonpunitive scheme), *overruled on other grounds by Petersen-Beard*, 304 Kan. 192. We further explained in *Meredith* that such an inquiry "requires a robust record because the effects prong of the applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions." 306 Kan. at 913.

Simmons' claim suffers from the same flaw. She is unable to satisfy the "clearest proof" standard because the record below has not been sufficiently developed. As a result, we cannot—at this time—hold that KORA's registration requirements as applied to drug offenders are punishment and subject to the limitations of the Ex Post Facto Clause.

Secondary to her ex post facto challenge, Simmons raises an issue of first impression in this court. Styled as an illegal sentence claim, Simmons challenges the authority of the executive branch to order her to register in the first instance. Simmons reasons that even if drug offender registration is not punishment for purposes of applying the Ex Post Facto Clause, it does arise out of and as a part of the underlying sentence. Therefore, the executive branch has no legal authority to order her to register because to do so would be, in effect, to illegally "modify" her sentence for the underlying drug conviction.

The Court of Appeals panel held:

"After careful review of the relevant provisions of the applicable statutes, the unambiguous language therein readily establishes that the legislature intended the KORA registration requirements to be imposed automatically by operation of law without court involvement and to represent nonpunitive collateral consequences of judgment that are distinct from, and not a part of, a criminal sentence. Because the registration requirement is not part of her sentence, we necessarily conclude there is no merit to Simmons' claim that her sentence was illegally modified." *Simmons*, 50 Kan. App. 2d at 463.

The parties spend most of their energy arguing from our prior caselaw defining the legal contours of a criminal sentence. But we need not follow either the lead of the panel below or that of the parties to resolve Simmons' illegal sentence claim as a question of law. Rather, her claim fails more prosaically on factual grounds. Simply put, Simmons' 2005 criminal sentence has not been "modified" because the obligation to register was imposed on her *after* she was sentenced by the district court. In a criminal proceeding, sentencing takes place when the trial court pronounces the sentence from the bench. *State v. Jackson*, 291 Kan. 34, 35, 238 P.3d 246 (2010); *State v. Garcia*, 288 Kan. 761, 765, 207 P.3d 251 (2009); *Abasolo v. State*, 284 Kan. 299, 304, 160 P.3d 471 (2007).

In *State v. Royse*, 252 Kan. 394, 397, 845 P.2d 44 (1993), the court defined what constitutes a criminal sentence:

"Ordinarily, in a legal sense, 'sentence' is synonymous with 'judgment' and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt to which he has confessed or of which he has been convicted. *Roberts v. State*, 197 Kan. 687, Syl. ¶ 1, 421 P.2d 48 (1966). In criminal cases, the judgment must be rendered and sentence imposed in open court. The judgment in a criminal case, whether it imposes confinement, imposes a fine, grants probation, suspends the imposition of sentence, or imposes any combination of those alternatives, is effective upon its pronouncement from the bench."

5

In Simmons' case, the district court did not pronounce Simmons' duty to register at sentencing in the 2005 case or at any subsequent hearing on the subject, so it is simply not true that her sentence has been modified. Whatever role the executive branch played—even if it can be said the executive branch enforced a requirement on Simmons *inconsistent* with her sentence—the executive branch cannot have modified the sentence. The executive branch is not a court of criminal jurisdiction. And there is no claim the district court did anything after the 2005 sentencing proceeding. In other words, this particular defense against the subsequent criminal charge is factually off base. We need go no further to decide that Simmons' 2005 sentence was not illegal.

Lastly, Simmons claims the district court erred when it ordered her to pay the $200 DNA database fee over her objection. Once again, this requires us to interpret a statute, which is a question of law subject to de novo review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The key statute in our analysis is K.S.A. 2012 Supp. 75-724, which governs when a court must impose a DNA database fee. It provides in relevant part:

"(a) Any person convicted or adjudicated of an offense that, pursuant to K.S.A. 21-2511, and amendments thereto, requires submission of a DNA sample upon arrest, charging or placement in custody, shall pay a separate court cost of $200 as a Kansas bureau of investigation DNA database fee upon conviction or adjudication.

"(b) The court shall order such fees regardless of whether the person's DNA sample was already on file with the Kansas bureau of investigation at the time such person was arrested, charged or placed in custody, unless the person can prove to the court that the person: (1) Has paid such fees in connection with a prior conviction or adjudication; and (2) did not submit specimens of blood or an oral or other biological sample authorized by the Kansas bureau of investigation to the Kansas bureau of investigation for the current offense of conviction or adjudication." K.S.A. 2012 Supp. 75-724(a)-(b).

6

Simmons contends because the KBI's regulations require that "[e]ach convicted offender . . . currently incarcerated and required to provide blood and saliva samples shall provide these samples before release, discharge, or parole," K.A.R. 10-21-6(j), and because she was previously incarcerated from June 2007 until October 2008, she "must have provided a DNA sample before release, discharge or parole."

Simmons, however, ignores her burden under K.S.A. 2012 Supp. 75-724. The statute plainly states the court "shall order such fees regardless of whether the person's DNA sample was already on file" unless the person can prove that he or she has "paid such fees in connection with a prior conviction or adjudication" and "did not submit [a DNA] sample . . . for the current offense of conviction or adjudication." K.S.A. 2012 Supp. 75-724(a)-(b).

Simmons does not direct our attention to a place in the record where she showed she previously paid a DNA database fee or demonstrated she did not submit a DNA sample for the current offense. The only reference in the record is her counsel's brief objection at sentencing that the State must already have her DNA because she was previously in the prison system. As the party asserting prejudicial error, Simmons has the burden of designating a record that demonstrates error. See *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). "[W]ithout such a record, we presume the actions of the trial court were proper." *State v. Warren*, 302 Kan. 601, 616, 356 P.3d 396 (2015). Simmons has not met her burden on appeal, let alone her burden below. The district court did not err by imposing the $200 DNA database fee.

Affirmed.

\* \* \*

BEIER, J., dissenting:  I respectfully dissent from the majority's decision in this case.

In the four Kansas Offender Registration Act cases argued before *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127 (2016)—that is, in *State v. Redmond*, 304 Kan. 283, 371 P.3d 900 (2016); *State v. Buser*, 304 Kan. 181, 371 P.3d 886 (2016); and *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016), all of which dealt with sex offenders and application of the federal Ex Post Facto Clause, and in *State v. Charles*, 304 Kan. 158, 372 P.3d 1109 (2016), which dealt with a violent offender and the necessity that a jury find all facts necessary for imposition of certain punishments under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)—I agreed with three of my colleagues that Kansas' offender registration requirement constitutes punishment.

I would have extended the holdings of those four cases in *Petersen-Beard*, which asked whether the requirement of offender registration constituted not only punishment but also cruel and unusual punishment under the Eighth Amendment. I therefore joined Justice Lee A. Johnson's dissent in *Petersen-Beard*, explicitly agreeing with the result he would have reached and implicitly agreeing with all of the merits-based arguments Justice Johnson advanced to support his result. *Petersen-Beard*, 304 Kan. at 211-25 (Johnson, J., dissenting).

I decline to change course today. Kansas' requirement of offender registration— especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before

8

us. Defendant Ami Latrice Simmons has met any burden of proof that she bears on this point, and the KORA registration obligation could not be imposed on her by legislative action after her conviction and without violating the Ex Post Facto Clause.

ROSEN and JOHNSON, JJ., join the foregoing dissent.