NOT DESIGNATED FOR PUBLICATION

No. 116,350

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENT O. ANNO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion on remand filed April 5, 2019. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and HILL, JJ.

PER CURIAM: Brent O. Anno pleaded guilty to one count of rape under K.S.A. 2015 Supp. 21-5503(a)(3) and one count of aggravated criminal sodomy under K.S.A. 2015 Supp. 21-5504(b)(1). Because Anno was 18 at the time of the crimes and his victim was only 13, he was subject to sentencing under K.S.A. 2015 Supp. 21-6627, commonly known as Jessica's Law. Anno requested a departure, but the district court denied his request. On appeal, we found the district court had violated the procedure identified in *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015), and remanded for resentencing. *State v. Anno*, No. 116,350, 2017 WL 3947380, at *7 (Kan. App. 2017) (unpublished opinion).

1

The State filed a petition for review and the Kansas Supreme Court granted review and remanded to the Court of Appeals for reconsideration under *State v. Powell*, 308 Kan. 895, 425 P.3d 309 (2018).

The facts of the case are well known to the parties and set out in *Anno*.

On appeal, we held the district court had abused its discretion by violating *Jolly*. We found the record did not affirmatively show the district court had followed the process outlined in *Jolly*, which requires sentencing courts to (1) consider any mitigating circumstances without weighing them against any aggravating factors, and (2) consider whether those mitigating circumstances rise to the level of substantial and compelling reasons to depart given the facts of the case. 301 Kan. 313, Syl. ¶ 5. As a result, we remanded to the district court for resentencing. *Anno*, 2017 WL 3947380, at *5-7. The State filed a petition for review.

While the State's petition for review was pending, the Kansas Supreme Court held that failure to perform the steps under *Jolly* on the record is not reversible error. *Powell*, 308 Kan. at 908-12. The *Powell* court reached this decision for two reasons. First, K.S.A. 2017 Supp. 21-6627(d)(1) does not require a district court to state its reasons for denying a departure motion. 308 Kan. at 908-09. Second, this methodology runs contrary to the typical abuse of discretion review, which requires the party asserting error to prove it. 308 Kan. at 910. As a result, instead of looking to see if the record affirmatively shows a sentencing court followed the *Jolly* steps, appellate courts should consider whether anything in the record suggests the sentencing court did not. 308 Kan. at 910-13.

State v. Powell

Under *Powell*, the district court did not abuse its discretion when it sentenced Anno. The Court of Appeals reviews a district court's decision whether to grant a

departure sentence under Jessica's Law for an abuse of discretion. See 308 Kan. at 910-11. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; and (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Anno bears the burden of showing the district court abused its discretion. *Powell*, 308 Kan. at 910.

Anno argues the district court failed to review his mitigating circumstances because it did not address those circumstances on the record. But district courts need not complete the steps under *Jolly* on the record. *Powell*, 308 Kan. at 908. Nor must they state reasons for denying a departure motion on the record. 308 Kan. at 908. While Anno asks us to infer error from the district court's silence, this runs contrary to the nature of an abuse of discretion review, which generally requires the party arguing abuse of discretion to prove the error. 308 Kan. at 910. The district court thus did not abuse its discretion.

Anno also argues the district court violated K.S.A. 2015 Supp. 21-6627 because it did not review the mitigating circumstances before imposing sentence. He notes K.S.A. 2015 Supp. 21-6627(d)(1) provides "the sentencing judge shall impose the mandatory minimum term of imprisonment . . . unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." Anno contends the district court imposed his sentence when it announced, "I guess for the purposes of the record I will just tell everybody I'm not departing to the grid." The record suggests that the court had not yet seen Anno's departure motion or heard his arguments in support of his departure request at that time. Anno thus reasons the district court did not review the mitigating circumstances before imposing sentence.

But as we held in our original opinion, the district court did not impose Anno's sentence until the conclusion of the hearing when it pronounced Anno's punishment and the associated terms and conditions. *Anno*, 2017 WL 3947380, at *3 (quoting *State v.*

3

*Simmons*, 50 Kan. App. 448, 458, 329 P.3d 523 [2014] ["A district court sentences a defendant when it orally pronounces punishment and other terms and conditions associated with the disposition of the crime of conviction from the bench."]). By then, the district court had heard Anno's mitigating circumstances and denied his departure motion. Thus, this argument also lacks merit.

*Downward Departure*

Next, Anno argues the district court abused its discretion when it found his proposed mitigating circumstances did not amount to substantial and compelling reasons to depart. Our original opinion did not address this issue because we reversed the district court's decision based on its failure to comply with *Jolly*. Since we now find the district court complied with *Jolly*, it is necessary to reach Anno's alternative argument.

Under K.S.A. 2018 Supp. 21-6627(d)(1), a district court must impose a hard 25 sentence "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." Substantial means "'something that is real, not imagined; something with substance and not ephemeral.'" *Jolly*, 301 Kan. at 323. Compelling means that "'the court is forced by the facts of the case to leave the status quo or go beyond the ordinary.'" 301 Kan. at 323. The existence of a mitigating circumstance, even one listed in K.S.A. 2018 Supp. 21-6627(d)(2), does not per se constitute a substantial and compelling reason to depart. See *State v. Ortega-Cadelan*, 287 Kan. 157, 165, 194 P.3d 1195 (2008).

To begin with, Anno contends the district court made an error of fact when it stated, "I don't know what the defendant was thinking when he decided to come up from Texas and have sex with this 13-year-old." He argues the evidence does not show his express purpose in coming to Kansas was to have sex with M.A.M. But the court did not find that having sex with 13-year-old M.A.M. was his express, or even his primary,

4

purpose. The court simply found Anno decided to leave Texas for Kansas and have sex with M.A.M. The undisputed facts support this finding.

Anno also asserts the district court's decision was unreasonable. He lists two statutory and three nonstatutory factors that he argues constitute substantial and compelling reasons to depart: (1) lack of criminal history under K.S.A. 2018 Supp. 21-6627(d)(2)(A); (2) Anno's young age under K.S.A. 2018 Supp. 21-6627(d)(2)(F); (3) State's agreement to recommend a downward departure to the grid; (4) sparing M.A.M. from testifying by pleading guilty; and (5) M.A.M.'s willing participation.

Anno also lists a sixth mitigating circumstance—he could not appreciate the criminality of his conduct because of his age. But this is essentially the same as his second mitigating circumstance, young age. Age is a mitigating circumstance because it may affect the defendant's ability to make sound judgments. See *State v. Spencer*, 291 Kan. 796, 813, 248 P.3d 256 (2011) ("the traditional significance of an age mitigator" is "judgment or lack thereof at the time of the crimes").

In anticipation that we would look to other cases using the same departure factors, Anno cites several cases involving an 18- or 19-year-old defendant and a 13-year-old victim. Two of these cases provide little help in resolving this issue. In *State v. Cash*, No. 107,007, 2013 WL 1149677 (Kan. App. 2013) (unpublished opinion), *abrogated on other grounds by State v. Brown*, 298 Kan. 1040, 318 P.3d 1005 (2014), the defendant received a downward durational departure, and he did not challenge the sentence on appeal. 2013 WL 1149677, at *1. In *State v. McCormick*, 305 Kan. 43, 50-51, 378 P.3d 543 (2016), the district court denied the defendant's request for a downward departure, but the Kansas Supreme Court vacated the sentence because the district court had not complied with the sentencing procedure outlined in *Jolly*. Neither case sought to determine whether the district court erred in granting or denying a departure based on the mitigating circumstances present.

The only relevant case Anno cites is *State v. Florentin*, 297 Kan. 594, 303 P.3d 263 (2013), *disapproved of by Jolly*, 301 Kan. 313. That case involved a 19-year-old defendant and a 13-year-old victim. The defendant argued the district court abused its discretion in denying a departure because of several mitigating circumstances, including (1) lack of criminal history; (2) young age; and (3) the victim's willing participation. The Kansas Supreme Court disagreed and affirmed the district court's decision. 297 Kan. at 602-03. See also *State v. Mendoza*, 292 Kan. 933, 935-36, 258 P.3d 383 (2011) (no criminal history; State's recommendation to depart to grid as part of plea agreement).

*Florentin* was decided before *Jolly*. At the time, district courts could explicitly weigh mitigating circumstances against aggravating factors and the facts of the case. Since *Jolly*, however, panels of this court have upheld denials based on the same mitigating factors cited in *Florentin* as well as the mitigating factors Anno presents. See *State v. Berriozabal*, No. 115,103, 2017 WL 462644, at *3-4 (Kan. App. 2017) (unpublished opinion) (limited criminal history; age), *rev. denied* 307 Kan. 988 (2018); *State v. Albanil-Alvarado*, No. 115,553, 2017 WL 383888, at *2 (Kan. App. 2017) (unpublished opinion) (limited criminal history; inability to appreciate criminality of conduct; age and immaturity at time of crime; willing participation of victim; acceptance of responsibility; amenability to treatment), *rev. denied* 306 Kan. 1320 (2017); *State v. Figueroa*, No. 113,626, 2016 WL 3407657, at *2 (Kan. App. 2016) (unpublished opinion) (no criminal history; young age; admission of wrongdoing; spared the victim from testifying; amenability to treatment), *rev. denied* 306 Kan. 1323 (2017).

Anno also argues the district court erred when it relied on M.A.M.'s age in deciding to deny his departure for other reasons. For one, he contends that based on M.A.M.'s year of birth and the time of his prosecution, M.A.M. was within 1 to 4 months of turning 14. Once she turned 14, Anno's charges would not have been off grid. He also argues that many other states' versions of Jessica's Law do not punish the same kind of

sexual activity as harshly as Kansas does, and the Kansas Legislature has established that 13 year olds may be held criminally responsible for sexual conduct in some situations, specifically "sexting."

Anno did not raise any of these arguments below; therefore, the district court did not abuse its discretion in failing to consider them. Arguments about versions of Jessica's Law in other states and Kansas' laws on sexting are also not relevant to this issue. Based on the plain language of K.S.A. 2018 Supp. 21-6627, the Kansas Legislature intended for this type of sexual activity to be subject to harsh penalties. As discussed, a district court may rely on facts inherent in the crime when analyzing a departure motion under Jessica's Law. *Jolly*, 301 Kan. at 324. See also *State v. Cook*, No. 113,768, 2016 WL 2609640, at *3 (Kan. App. 2016) (unpublished opinion) (district court finding only age of defendant and age of victim as reasons supporting denial of departure in Jessica's Law case).

Of course, a reasonable person may disagree with the district court's decision here, but this does not establish that the court abused its discretion. As the *Florentin* court stated: "[O]ur task is not to determine whether we believe a reasonable person, or even most reasonable people, would disagree with the judge's decision. Rather, if only one reasonable person would agree with the district court judge, we must affirm the decision." 297 Kan. at 602. Based on the facts here, a reasonable person could agree with the district court's decision, thus this court should affirm.

In our original opinion, we held that Anno's next two arguments lacked merit without addressing those issues in detail. See *Anno*, 2017 WL 3947380, at *7. Anno has briefed the issues again on remand.

7

*Sentencing Procedure Outlined in* Jolly

Anno also contends his sentence is illegal because the district court imposed lifetime postrelease supervision. Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Anno did not raise this issue below, but a defendant may argue a sentence is illegal for the first time on appeal. *State v. Dickey*, 301 Kan. 1018, 1031, 350 P.3d 1054 (2015).

At the sentencing hearing, the district court stated: "I will find the primary offense is Count 1, calling for a term of life with a hard 25 and post-release supervision for the duration of his natural life, along with electronic monitoring." Anno claims the district court ordered lifetime postrelease supervision for at least one of his two life sentences imposed under K.S.A. 2015 Supp. 21-6627. He argues this contravenes K.S.A. 2015 Supp. 22-3717(b)(6), which grants parole to inmates sentenced under K.S.A. 2015 Supp. 21-6627 once they have completed their mandatory term of imprisonment. "'An inmate who has received an off-grid indeterminate life sentence can leave prison only if the [Kansas Prisoner Review] Board grants the inmate parole. Therefore, a sentencing court has no authority to order a term of postrelease supervision in conjunction with an off-grid indeterminate life sentence.'" *State v. Summers*, 293 Kan. 819, 832, 272 P.3d 1 (2012).

As the State argues, however, the district court appears only to have been making a finding that Anno's conviction called for postrelease supervision, not that the court was imposing postrelease supervision. The court appears to have merely misspoken, as it later mentioned two times that Anno would be eligible for parole in 25 years. The journal entry of sentencing also states the court did not order lifetime postrelease supervision. While sentencing occurs when the court pronounces a sentence from the bench, a journal entry may serve to clarify the sentence if the court's oral pronouncement was unclear. See

8

*State v. Garcia*, 288 Kan. 761, 765-66, 207 P.3d 251 (2009) (finding journal entry did not modify but only clarified district court's unclear oral pronouncement of sentence).

*Electronic Monitoring*

Finally, Anno argues his sentence is illegal because the district court lacked authority to order electronic monitoring. Anno is correct that K.S.A. 2015 Supp. 22-3717(u) authorizes only the Prisoner Review Board, and not the court, to impose electronic monitoring as a condition of parole. *Jolly*, 291 Kan. at 848. On the other hand, K.S.A. 2015 Supp. 21-6604(r) does authorize the court to impose electronic monitoring for those convicted under Jessica's Law. The Kansas Legislature amended K.S.A. 2015 Supp. 21-6604 in 2012 in response to the holding in *Jolly* because it wanted courts to have the authority to order electronic monitoring. See Testimony of Assistant Attorney General/Deputy Director of the KBI Kyle Smith regarding H.B. 2465 to the House Corrections and Juvenile Justice Committee on February 6, 2012. The journal entry of sentencing states that the court imposed electronic monitoring under K.S.A. 2015 Supp. 21-6604(r). So this portion of Anno's sentence complies with the relevant statutory provisions and is not illegal.

We decided other issues in our original opinion, including: (1) The district court did not violate Anno's due process rights by imposing sentence before granting Anno a chance for allocution; and (2) the district court did not abuse its discretion by failing to exercise it. *Anno*, 2017 WL 3947380, at *3-4, 7. *Powell* does not affect these issues, so we need not reconsider them.

Affirmed.

9