(150 P.3d 325)

No. 95,402

STATE OF KANSAS, *Appellee*, v. JAMES R. BALDWIN, *Appellant*.

Opinion filed January 26, 2007.

*Rachel L. Pickering* and *Virginia A. Girard-Brady*, of Kansas Appellate Defender Office, of Topeka, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Phill Kline*, attorney general, for appellee.

Before McANANY, P.J., ELLIOTT and BUSER, JJ.

McANANY, P.J.: After reading an appellate opinion, lawyers and trial judges involved in the case occasionally ask themselves if the

opinion they just read has anything to do with the case they tried and decided. This is one of those cases.

James R. Baldwin claims the district court did not have the authority to revoke his probation because it had already expired. His argument and that of the State, both to the district court and to us, focus on the interesting question of whether K.S.A. 2005 Supp. 21-4603d(a)(5) automatically extended his probation for 6 months following his completion of the program at the Labette Correctional Conservation Camp. We need not reach this issue since, contrary to the positions taken by the parties, Baldwin was never ordered to attend the Labette program in this case. Consequently, his probation expired months before the State sought to revoke his probation. The State's motion, therefore, was untimely and the district court had no jurisdiction to revoke Baldwin's probation in this case and send him to prison.

Let us explain. The case now before us involves Baldwin's sentence following his conviction for a burglary. On May 3, 2002, Baldwin received a prison sentence of 21 months for this conviction, but was granted probation for 24 months. Thus, his probation was scheduled to expire on May 3, 2004.

On October 4, 2002, community corrections requested revocation of Baldwin's probation in this case and three other cases based upon the allegation that Baldwin had committed yet another crime, criminal trespass, 2 days earlier. A hearing was held on January 27, 2003, at which the court sentenced Baldwin in a new case (possibly the criminal trespass charge, the record is not clear), following which the court considered the State's request to revoke Baldwin's probation in the present burglary case and the three other cases. In the new case, the court imposed a prison sentence but granted Baldwin 24 months' probation on the condition that he complete the program at the Labette Correctional Conservation Camp.

Following the sentencing in this new case, the court considered the State's revocation motion. Baldwin stipulated to the probation violation. The district court found Baldwin to be in violation and stated: "I will let you continue, however, in community corrections. And those will all run concurrently with these cases, so that they can all be handled together." The district court did not extend

Baldwin's probation in any of his cases, nor did it make any further mention of Labette. On February 6, 2003, a journal entry was filed in our present case, memorializing that the court had revoked and reinstated Baldwin's probation on the condition that he complete the Labette program.

On February 4, 2004, Baldwin completed the Labette program and began the 6-month follow-up program under the supervision of community corrections called for in K.S.A. 2005 Supp. 21-4603d(a)(5). As we will discuss further, Baldwin's probation in the case now before us expired on May 3, 2004. Three months later, on August 4, 2004, community corrections requested that Baldwin's probation be revoked in the burglary case now before us because Baldwin failed to report to his probation supervisor; tested positive for marijuana and alcohol; and failed to pay fines, costs, restitution, and fees.

On July 29, 2005, the district court held a hearing on the August 4, 2004, revocation request. The State argued that Baldwin's probation in this case was automatically extended to August 6, 2004, to accommodate the 6-month period of community corrections supervision following completion of the Labette program as provided in K.S.A. 2005 Supp. 21-4603d(a)(5). The court agreed, revoked Baldwin's probation, and ordered him to serve his original 21-month sentence. Baldwin now appeals.

Both Baldwin and the State are operating under the assumption that Baldwin was ordered to Labette in this case. Accordingly, Baldwin argues that his assignment to Labette under K.S.A. 2005 Supp. 21-4603d(a)(5) did not automatically extend his probation for the 6-month follow-up supervision period. Thus, he contends, his probation terminated on May 3, 2004, and the district court did not have jurisdiction to send him to prison after his probation expired.

The issue of jurisdiction is one of law over which our review is unlimited. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006). Jurisdiction is the power of the court to decide. *Carrington v. Unseld*, 22 Kan. App. 2d 815, 817, 923 P.2d 1052 (1996). Here, the issue is the subject matter jurisdiction of the court. This issue may be raised at any time. We have the duty

to independently examine the court's jurisdiction, even when the issue is cast by the parties in a different light. See *State v. Wendler*, 280 Kan. 753, 755, 126 P.3d 1124 (2006).

A defendant has a common-law and statutory right to be present at sentencing, " 'separate and apart from the constitutional . . . right to be present at the trial.' " *State v. Braun*, 253 Kan. 141, 145, 853 P.2d 686 (1993) (quoting *State v. Fennell*, 218 Kan. 170, 176, 542 P.2d 686 [1975]); see K.S.A. 2005 Supp. 22-3405(1). Absent a waiver, a sentence imposed outside the defendant's presence is void. *Braun*, 253 Kan. at 145-46; *State v. Turbeville*, 235 Kan. 993, Syl. ¶ 4, 686 P.2d 138 (1984). "Thus, a defendant is sentenced *in absentia* when the judgment and commitment order is allowed to control when there is a conflict." *United States v. Villano*, 816 F.2d 1448, 1452 (10th Cir. 1987). "If there is a variance between the oral pronouncement of sentence and the sentence as set forth in the written judgment, the oral sentence prevails." *State v. Rice*, 227 Kan. 416, Syl. ¶ 10, 607 P.2d 489 (1980).

Clearly, the oral expression of the sentencing judge at a sentencing hearing controls over the written words in a memorializing journal entry. There is no Kansas case, however, which announces that this principle applies in the context of a probation revocation and reinstatement proceeding. Our analysis leads us to conclude that it does.

A defendant in Kansas has a statutory right to be present at a probation revocation hearing. K.S.A. 2005 Supp. 22-3716(b). Probation "subject to such conditions as the court may deem appropriate" is, like commitment to the Secretary of Corrections or assignment to a conservation camp, an authorized disposition upon conviction of a crime. K.S.A. 2005 Supp. 21-4603d(4). Once probation is granted under conditions, a defendant has a conditional liberty interest which may be revoked only upon a violation of those conditions. *State v. Lumley*, 267 Kan. 4, Syl. ¶ 2, 977 P.2d 914 (1999); *State v. Walker*, 260 Kan. 803, Syl. ¶ 3, 926 P.2d 218 (1996). If the conditions are the basis for the defendant's liberty, they are part of the sentence. *Cf. Villano*, 816 F.2d at 1452-53.

Other jurisdictions generally hold that conditions of probation stated in a journal entry but not imposed in open court are of no

effect. See *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006); *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005); *State v. Bailey*, 782 So. 2d 22, 26 (La. App. 2001); *State v. Malloy*, 325 Mont. 86, 90, 103 P.3d 1064 (2004);. However, this rule is typically restricted to *special* conditions of probation. Standard conditions of probation imposed by statute in every case are excluded because the defendant has constructive notice of them. These standard conditions are implicit in the grant of every probation. See *United States v. Napier*, 463 F.3d 1040, 1042-43 (9th Cir. 2006); *State v. Williams*, 712 So. 2d 762, 764 (Fla. 1998); *Bailey*, 782 So. 2d at 26; *State v. Kroll*, 322 Mont. 294, 301-02, 95 P.3d 717 (2004). The assignment of a defendant in Kansas to Labette is a special condition of probation, not a standard condition implicit in every probation.

Baldwin's assignment to Labette was contained in the journal entry but was not announced from the bench in this case at the May 3, 2002, hearing. At the January 27, 2003, hearing, the court announced from the bench that Baldwin's assignment to Labette was a part of his original sentence in another case. The fact that the journal entry says otherwise is of no effect. When the court reinstated Baldwin's probation in his burglary case, it did not extend it. Consequently, Baldwin's probation expired on May 3, 2004, 24 months after it was imposed.

The State sought to revoke Baldwin's probation in this case on August 4, 2004. K.S.A. 22-3716(d) allows the court 30 days following the date probation is scheduled to end to compel a defendant's appearance to answer charges that the defendant violated the terms of probation. Baldwin's probation ended May 3, 2004. The State's motion filed 3 months later was too late. Accordingly, the district court had no jurisdiction to revoke Baldwin's probation.

Reversed.