No. 100,807

STATE OF KANSAS, *Appellee*, v. CARLOS J. JACKSON, *Appellant*.

(238 P.3d 246)

Opinion filed August 20, 2010.

*Christina M. Waugh*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Nicole Romine*, assistant district attorney, argued the cause, and *Mark A. Simpson*, assistant district attorney, *Charles E. Branson*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Carlos Jackson appeals from an order directing him to register under the Kansas Offender Registration Act following his plea of guilty to three counts of aggravated battery.

Jackson was born on August 17, 1981. On February 1, 1999, he was sentenced as an extended jurisdiction juvenile offender for first-degree murder and attempted aggravated robbery in case No. 98JV765. The court sentenced him to a term of life and a concurrent term of 32 months in prison. The court extended jurisdiction over him until his 23rd birthday in 2004.

On February 10, 2008, Jackson visited a club in Lawrence and became involved in a fight. He went to his car and retrieved a gun, which he fired several times in the vicinity of a crowd. Several people were injured as a result. The State charged him with three counts of aggravated battery in violation of K.S.A. 21-3414(a)(2)(A).

Jackson entered a guilty plea, and the court sentenced him from the bench to a term of 120 months' imprisonment for the first count and to consecutive terms of 32 months' imprisonment for the other two counts. The district court subsequently instructed the parties to prepare briefs on the question of whether his juvenile adjudications constituted convictions for purposes of the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.* The court then filed a journal entry of sentencing in which it ordered Jackson to maintain lifetime registration under K.S.A. 22-4902(a)(7) because he had a second conviction of a crime committed with a deadly weapon.

The first question before this court is whether the sentencing court had jurisdiction to impose offender registration when it did not include the registration when it pronounced sentence from the bench. Jurisdiction is a question of law over which this court exercises unlimited review. *State v. Denney,* 283 Kan. 781, 787, 156 P.3d 1275 (2007).

Sentencing in a criminal proceeding takes place when the trial court pronounces the sentence from the bench. *State v. Garcia,* 288 Kan. 761, 765, 207 P.3d 251 (2009); *Abasolo v. State,* 284 Kan. 299, 304, 160 P.3d 471 (2007); *State v. Moses,* 227 Kan. 400, 402, 607 P.2d 477 (1980). The journal entry is merely a record of the sentence imposed, and the district court has no jurisdiction to change the sentence once the court pronounces the sentence. *Garcia,* 288 Kan. at 766; *State v. Russell,* 36 Kan. App. 2d 396, 398, 138 P.3d 1289, *rev. denied* 282 Kan. 795 (2006); see *State v. Anthony,* 274 Kan. 998, 1001-02, 58 P.3d 742 (2002). A district court is powerless to vacate a sentence and impose a harsher sentence once it has pronounced sentence. *State v. Royse,* 252 Kan. 394, 398, 845 P.2d 44 (1993). A journal entry that imposes a sentence varying from the sentence pronounced from the bench is errone-

ous and must be corrected to show the actual sentence imposed. *State v. Branning*, 271 Kan. 877, 887, 26 P.3d 673 (2001).

The rule against altering a sentence in a journal entry is not, however, absolute. Clarification is not the same as modification, and a district court retains jurisdiction to file a journal entry of sentencing that clarifies an ambiguous or poorly articulated sentence pronounced from the bench. See *State v. Crawford*, 253 Kan. 629, 649-50, 861 P.2d 791 (1993). A sentencing court also has jurisdiction to modify a sentence after pronouncing it orally in order to correct an arithmetic or clerical error. *Russell*, 36 Kan. App. 2d at 398. And a sentencing court may later set the exact amount of restitution to be paid after it has completed pronouncing sentence from the bench. *State v. Cooper*, 267 Kan. 15, 18-19, 977 P.2d 960 (1999).

This court has defined what constitutes a sentence:

"Ordinarily, in a legal sense, 'sentence' is synonymous with 'judgment' and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt to which he has confessed or of which he has been convicted. *Roberts v. State*, 197 Kan. 687, Syl. ¶ 1, 421 P.2d 48 (1966). In criminal cases, the judgment must be rendered and sentence imposed in open court. The judgment in a criminal case, whether it imposes confinement, imposes a fine, grants probation, suspends the imposition of sentence, or imposes any combination of those alternatives, is effective upon its pronouncement from the bench." *Royse*, 252 Kan. at 397.

The Kansas Court of Appeals has held that conditions of probation forming the basis for a defendant's liberty are considered part of the sentence. *State v. Baldwin*, 37 Kan. App. 2d 140, 143, 150 P.3d 325 (2007). Assignment of a defendant to Labette Correctional Conservation Camp, for example, was a special condition of probation that had to be articulated at sentencing from the bench and could not be added as a condition in the journal entry. See 37 Kan. App. 2d at 141-43.

In reaching this conclusion, the Court of Appeals looked to other jurisdictions that have held that conditions of probation stated in a journal entry but not imposed in open court are of no effect. 37 Kan. App. 2d at 143-44; see *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006); *United States v. Alburay*, 415 F.3d 782,

788 (7th Cir. 2005); *State v. Bailey*, 782 So. 2d 22, 26 (La. App. 2001); *State v. Malloy*, 325 Mont. 86, 90, 103 P.3d 1064 (2004); see also *United States v. Handakas*, 329 F.3d 115, 117-18 (2d Cir. 2003) (including occupational restriction as condition of supervised release in the written judgment of conviction and sentence when that restriction was not mentioned in oral pronouncement of sentence violated defendant's right to be present at sentencing).

The Court of Appeals noted, however, that the rule is typically restricted to special conditions of probation. Standard conditions of probation imposed by statute in every case are excluded because the defendant has constructive notice of them and the conditions are implicit in the grant of every probation. 37 Kan. App. 2d at 144; see *United States v. Napier*, 463 F.3d 1040, 1042-43 (9th Cir. 2006); *State v. Williams*, 712 So. 2d 762, 764 (Fla. 1998); *Bailey*, 782 So. 2d at 26; *State v. Kroll*, 322 Mont. 294, 301-02, 95 P.3d 717 (2004).

We find that the statutorily required imposition of lifetime registration is an incident of sentencing, akin to restitution. K.S.A. 22-4906 speaks of persons who are "required to register" and of a "registration requirement." Because registration is a mandatory, not a discretionary, act, the order of registration is the same kind of standard order of probation cited by our Court of Appeals in *Baldwin*. Because the defendant has constructive notice of the registration requirement, it is implicit in every sentence that falls within the scope of K.S.A. 22-4906. The journal entry did not modify the sentence but simply carried out a statutory imperative. The sentencing court had jurisdiction to include the registration requirement in the journal entry without making it part of the sentence imposed from the bench.

We must now determine whether the district court properly relied on a prior extended jurisdiction juvenile conviction when it ordered Jackson to maintain lifetime violent offender registration.

Lifetime registration under K.S.A. 22-4906 requires at least one previous conviction of a violent crime. Jackson argued to the district court and reasserts on appeal that his prior extended jurisdiction juvenile adjudication was not a conviction under K.S.A. 22-4906. Because this issue involves the interpretation of a statute, it

is a question of law over which this court has unlimited review. *State v. Storey*, 286 Kan. 7, 9-10, 179 P.3d 1137 (2008).

K.S.A. 22-4902(a)(7) defines an "offender" to be "any person who, on or after July 1, 2006, is convicted of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." K.S.A. 22-4906(a) provides for a 10-year registration period following a conviction of one of the offenses described under K.S.A. 22-4902(a), and a lifetime registration period "upon a second or subsequent conviction."

Jackson's offenses in the present proceeding were person felonies committed with a deadly weapon. He was therefore required to register under the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.* The district court further found the current case constituted his second conviction, and it ordered him to maintain lifetime registration. The issue presented is whether the earlier extended jurisdiction juvenile proceeding for first-degree murder and attempted aggravated robbery were "convictions" for purposes of K.S.A. 22-4906(a)(2).

K.S.A. 2009 Supp. 38-2347(a)(3) authorizes the State to file a motion requesting that the court designate the proceedings to be an extended jurisdiction juvenile prosecution. K.S.A. 2009 Supp. 38-2347(f)(4) provides that a juvenile who is the subject of an extended jurisdiction prosecution "shall have the right to a trial by jury, to the effective assistance of counsel and to all other rights of a defendant pursuant to the Kansas code of criminal procedure."

K.S.A. 2009 Supp. 38-2364(a) sets out proceedings under extended juvenile jurisdiction and provides that the sentence in an extended jurisdiction juvenile prosecution shall include both a juvenile sentence and an adult sentence, but the adult sentence "shall be stayed on the condition that the juvenile offender not violate the provisions of the juvenile sentence and not commit a new offense." K.S.A. 2009 Supp. 38-2364(b) provides that once the district court finds that the conditions of the juvenile sentence have been violated, "the court shall revoke the juvenile sentence and order the imposition of the adult sentence" and terminate the extended juvenile jurisdiction.

In *State v. Boyer*, 289 Kan. 108, 209 P.3d 705 (2009), this court considered whether juvenile adjudications should be considered in the determination of persistent sex offender status. The court concluded that Kansas appellate courts "have repeatedly held that the legislature not only knows how to distinguish between juvenile adjudications and adult convictions, but it has done so in several statutes." 289 Kan. at 116. The court held that there is no statutory basis for including juvenile adjudications in the history necessary for finding a defendant to be a persistent sex offender. 289 Kan. at 116.

Having found in *Boyer* that standard jurisdiction juvenile adjudications are not convictions for registration purposes, this court is now asked to determine whether extended jurisdiction juvenile proceedings are convictions under the registration statute.

In *In re E.F.*, 41 Kan. App. 2d 860, 205 P.3d 787 (2009), the Court of Appeals noted that extended jurisdiction juvenile proceedings have been used since 1997 so that some juveniles who might otherwise have been waived up to adult court may remain within the juvenile sentencing system. The basic outline of the system calls for an adult sentence that is imposed only if the juvenile fails to satisfactorily complete an initial juvenile sentence:

" 'In an extended jurisdiction juvenile prosecution, the court imposes both a juvenile and an adult sentence. The adult sentence is stayed as long as the juvenile complies with and completes the conditions of the juvenile sentence. If, however, the juvenile violates the conditions of the juvenile sentence, the juvenile sentence is revoked, the adult sentence is imposed, and the juvenile court transfers jurisdiction of the case to the adult court.' " 41 Kan. App. 2d at 862-63 (quoting *In re L.M.*, 286 Kan. 460, 485, 186 P.3d 164 [2008] [McFarland, C.J., dissenting]).

The statutory scheme makes passing reference to prosecution and conviction as an adult or under extended juvenile jurisdiction. K.S.A. 2009 Supp. 38-2366(a). It also exposes the juvenile to an adult sentence, which would require a conviction under K.S.A. 2009 Supp. 21-4603d(a)(1). The statutory scheme stays the adult conviction, however, and retains a distinction between trial of the juvenile as an adult or trial as extended jurisdiction juvenile offender. See K.S.A. 2009 Supp. 38-2347.

As a general rule, we strictly construe criminal statutes in favor of the accused. Any reasonable doubt as to the meaning of the statute is decided in favor of the accused, subject to the qualification that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Trautloff*, 289 Kan. 793, 796-97, 217 P.3d 15 (2009).

Because the legislature maintains a distinction between adult prosecutions and extended juvenile jurisdiction prosecutions and did not expressly extend the registration requirement to prosecutions carried out under the extended jurisdiction scheme, we must construe the registration statute to apply only to convictions arising from adult prosecutions.

The lifetime registration requirement is vacated, with directions to impose a 10-year registration period.