NOT DESIGNATED FOR PUBLICATION

No. 116,467

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROGER W. ROEDEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Coffey District Court; PHILLIP M FROMME, judge. Opinion filed May 5, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Roger W. Roedel appeals the district court's decision to inform him of his duty to register as a drug offender. We granted Roedel's motion for summary disposition under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not file a response. After review, we affirm the district court.

In July 2015, Roedel pled no contest to aiding and abetting in the distribution of oxycodone, possession of methamphetamine, and possession of marijuana. At sentencing, the State requested the district court require Roedel to register as a drug offender. Roedel objected, arguing, in part, that the district court lacked jurisdiction to enter a registration order because it failed to inform him of the registration requirement at the plea hearing as

1

required by K.S.A. 2014 Supp. 22-4904(a)(1)(A). The district court gave Roedel the option of withdrawing his plea or continuing with sentencing. Roedel, after consulting with defense counsel, decided not to withdraw his plea. The district court sentenced Roedel to 24 months in prison and informed him of his duty to register as a drug offender.

On appeal, Roedel argues that because the district court failed to inform him of the offender registration requirement at the plea hearing as required by K.S.A. 2014 Supp. 22-4904(a)(1)(A), it lacked jurisdiction to impose registration at sentencing. We disagree for several reasons. First, the district court did not order Roedel to register but merely informed him of his duty to register. See K.S.A. 2014 Supp. 22-4904(a)(1)(A); but see K.S.A. 2014 Supp. 22-4904(a)(1)(B)(iii) (only if offender is released does court order such offender to report to registering law enforcement agency). Second, the district court was statutorily required to inform Roedel of his duty to register because Roedel distributed oxycodone in violation of K.S.A. 2014 Supp. 21-5705(a)(1). See K.S.A. 2014 Supp. 22-4902(f)(1)(C); K.S.A. 2014 Supp. 22-4906(a)(1)(P). Third, Roedel's duty to register is not dependent on when or whether the district court informed him of his duty to register. See *State v. Jackson*, 291 Kan. 34, 37, 238 P.3d 246 (2010) (registration statutorily required); *State v Simmons*, 50 Kan. App. 2d 448, 463, 329 P.3d 523 (2014) (registration requirement imposed automatically by operation of law without court involvement), *rev. granted* 304 Kan. 1021 (2016).

Affirmed.