NOT DESIGNATED FOR PUBLICATION

No. 120,796

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JESSICA WHITTIER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed February 21, 2020. Vacated and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: Jessica Whittier previously appealed her probation revocation, arguing that the district court failed to set forth with particularity its reasons for finding the safety of the public would be jeopardized by imposing an intermediate sanction. See *State v. Whittier*, No. 118,568, 2018 WL 4939363 (Kan. App. 2018) (unpublished opinion). This court agreed with Whittier and vacated and remanded the matter for a new dispositional hearing with directions to either impose an intermediate sanction or set forth with particularity the reasons for finding the safety of the public would be jeopardized by imposing an intermediate sanction.

1

After a new dispositional hearing, the district court again revoked Whittier's probation and bypassed the imposition of an intermediate sanction based on multiple statutory grounds. Whittier appeals, arguing that the district court exceeded the scope of this court's mandate and that it failed to make the required findings with particularity under the public safety exception. We agree and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2015, Whittier pled guilty to multiple drug crimes and possession of brass knuckles. The charges stemmed from two separate criminal cases, which were consolidated. Whittier was charged in the second case—14CR603—for drug crimes she committed while on bond in the first case—13CR328. On October 2, 2015, the district court imposed a controlling sentence of 105 months' imprisonment but granted a dispositional departure of 36 months' probation.

On August 3, 2017, the State moved to revoke Whittier's probation because she failed to report to community corrections, was not residing at her reported place of residence, failed to report changes in employment, tested positive for methamphetamine, and failed to provide UAs upon request. On August 15, 2017, the district court held a probation revocation hearing where it found that Whittier violated her probation and it imposed her original sentence because Whittier posed a threat to public safety. *Whittier*, 2018 WL 4939363, at *1.

Whittier appealed, arguing that the district court erred by revoking her probation without first considering an intermediate sanction and by failing to set forth with particularity its reasons for finding that the safety of members of the public would be jeopardized by imposing an intermediate sanction. 2018 WL 4939363, at *1. This court agreed that the district court failed to make the required findings to apply the public safety exception. This court vacated the order imposing her original sentence and

2

remanded for a new dispositional hearing with directions: "At that hearing, the district court can either impose an intermediate sanction under K.S.A. 2017 Supp. 22-3716(c) or, in the alternative, set forth with particularity its reasons for finding that the safety of the members of the public will be jeopardized by imposing such an intermediate sanction." 2018 WL 4939363, at *4. The appellate clerk issued the mandate on November 19, 2018.

The district court held a new dispositional hearing on January 4, 2019. After hearing arguments from both parties, the district court again bypassed intermediate sanctions and imposed her original sentence. From the bench, the district court found that "there's enough here to show that probably Miss Whittier committed new crimes while on supervision and essentially absconded because for months at a time she was not where she said she was." The district court also found "that there was a departure granted in this case and that that would justify the execution of the sentence." Finally, the district court again found that the safety of the public would be jeopardized by imposing an intermediate sanction. Whittier now appeals.

ANALYSIS

K.S.A. 2019 Supp. 22-3716 outlines the procedure for revoking a defendant's probation. It provides that once a defendant has violated the conditions of probation, the district court must apply an intermediate sanction before revoking probation and imposing the original sentence. K.S.A. 2019 Supp. 22-3716(c)(1). But there are some exceptions that allow the district court to revoke the probation without first imposing an intermediate sanction, including if the safety of the members of the public will be jeopardized by imposing an intermediate sanction, if the probation was originally granted as the result of a dispositional departure, if the offender commits a new crime while on probation, or if the offender absconds from supervision. K.S.A. 2019 Supp. 22-3716(c)(7)(A), (c)(7)(B), (c)(7)(C), and (c)(7)(D).

Whittier argues that the district court erred by not imposing an intermediate sanction because (1) the district court exceeded the scope of this court's mandate by considering exceptions in addition to the public safety exception and (2) it again failed to make the required findings with particularity under the public safety exception.

*The district court exceeded the scope of this court's previous mandate.*

Whittier argues that on remand, the district court was either to impose an intermediate sanction or set forth with particularity its reasons for finding that the safety of the members of the public will be jeopardized by imposing an intermediate sanction. Whittier argues that the district court violated this court's mandate by considering additional exceptions to the intermediate sanctioning scheme, including the new crime exception, the absconding exception, and the dispositional departure exception.

The State does not address Whittier's mandate rule argument. Instead, the State argues generally that while the district court found that Whittier committed new crimes and absconded under separate exceptions, the findings could also be relevant under the public safety exception.

An appellate court's mandate "shall be controlling in the conduct of any further proceedings necessary in the district court." K.S.A. 60-2106(c). K.S.A. 20-108 states that a district court must "carry the judgment or decree of the appellate court into execution; and the same shall be carried into execution by proper proceedings, by such district court, according to the command of the appellate court made therein." "A lower court is bound to follow an appellate court's mandate and has no authority to consider matters outside the mandate." *Gannon v. State*, 303 Kan. 682, 703, 368 P.3d 1024 (2016). Interpretation of an appellate court's mandate and determination of whether the district court complied with the mandate are both questions of law subject to de novo review. 303 Kan. at 702.

Here, the journal entry reflected that the district court found that Whittier posed a danger to public safety; it did not mention that she absconded, committed new crimes, or was granted a dispositional departure. But the oral expression of a probation revocation controls over the memorializing journal entry. See *State v. Baldwin*, 37 Kan. App. 2d 140, 143, 150 P.3d 325 (2007). At the dispositional hearing, the district court did cite these other exceptions to justify bypassing the intermediate sanctions:

> "[K.S.A. 2017 Supp. 22-3716(c)(8)] talks about a new crime or absconding from supervision and I think that there's enough here to show that probably Miss Whittier committed new crimes while on supervision and essentially absconded because for months at a time she was not where she said she was. . . .
>
> "Well, it's clear that there was a departure granted which basically says that the statute says that we don't have, she doesn't have the right to have intermediate sanctions before we execute the sentence and I will find that there was a departure granted in this case and that that would justify the execution of the sentence which gets us down to danger to the community."

Based on the district court's ruling from the bench, the court considered the new crime exception, the absconding exception, and the departure exception. But in the last appeal, this court instructed the district court to "either impose an intermediate sanction under K.S.A. 2017 Supp. 22-3716(c) *or, in the alternative, set forth with particularity its reasons for finding that the safety of the members of the public will be jeopardized by imposing such an intermediate sanction.*" (Emphasis added.) *Whittier*, 2018 WL 4939363, at *4. The mandate explicitly gave the district court only two options: (1) impose an intermediate sanction or (2) state with particularity its reasons for finding that the public safety exception applied. The district court had no authority to consider other statutory exceptions to bypass intermediate sanctions based on this court's prior mandate. See *Gannon*, 303 Kan. at 703. Thus, the district court exceeded the scope of this court's mandate to the extent that it relied on other exceptions to support imposing Whittier's original sentence instead of an intermediate sanction. As a result, this court will only

uphold the district court's imposition of Whittier's original sentence if the district court made the required findings under the public safety exception.

*The district court did not set forth with particularity the reasons for finding the safety of members of the public would be jeopardized by imposing an intermediate sanction.*

The public safety exception states that the district court may revoke a defendant's probation without imposing an intermediate sanction if "[t]he court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized." K.S.A. 2019 Supp. 22-3716(c)(7)(A). When findings must be set forth with particularity, the findings "'must be distinct rather than general, with exactitude of detail.'" *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015). A district court's findings under the public safety exception must explicitly state how the public's safety would be jeopardized by an intermediate sanction. 52 Kan. App. 2d at 49. Whether the district court sufficiently particularizes its reasons, as required by statute, is a question of law over which this court has unlimited review. 52 Kan. App. 2d at 47-48.

Whittier argues that the district court did not make sufficiently particular findings to invoke the public safety exception. She argues that the district court's reliance on her crimes of conviction to show she posed a threat to the public was improper because her crimes of conviction do not establish that she was a danger to the public at the time of the revocation hearing. Whittier also argues that the district court did not explain how her technical violations made her a threat to the public safety.

The State argues that Whittier's past behavior, including possessing brass knuckles at the time of arrest, can predict her future actions and so her crimes of conviction support the district court's finding that public safety would be jeopardized if she remained on probation. The State also argues that the district court properly recognized that a person who is not amenable to community corrections poses a danger to the community.

6

Whittier cites *State v. Wesley*, No. 111,179, 2015 WL 3868716 (Kan. App. 2015) (unpublished opinion), to support her argument that merely stating a defendant's prior criminal history is not enough to fulfill the particularity requirements of the public safety exception. In that case, the district court stated: "'Well, I would just simply find that Mr. Wesley is criminal history A. The crimes of conviction were aggravated burglaries, criminal damage to property. They were person crimes, and the crimes themselves demonstrate some disregard for public safety.'" 2015 WL 3868716, at *4. This court determined that the district court's statement did not conform to the public safety exception's particularity requirements because the district court failed to identify a connection between the Wesley's past crimes and its decision to revoke probation. 2015 WL 3868716, at *5. This court reasoned that "[a]t most, these findings indicate . . . Wesley was a threat to public safety at some point in the past." 2015 WL 3868716, at *5.

Similarly, in *State v. Duran*, 56 Kan. App. 2d 1268, 445 P.3d 761 (2019), *petition for rev. filed* July 19, 2019, this court determined that the district court did not fulfill the particularity requirements when the district court relied on Duran's conviction for criminal possession of a weapon and possession of methamphetamine stating:

> "'I'm going to find that reinstatement of probation is not in your best interest, would not
> be in your welfare because you are likely to obtain new probation violation matters based
> on repeat behaviors, as you've already shown in the prior probation warrants. Drug usage,
> weapon possession. You have the possibility of incurring new charges. Public safety's
> impacted in a negative way because of the demonstrated history and the, again,
> possibility that you would have possession and possibly use of weaponry in the future.
> You would certainly be fueling the drug economy, which is illegal in and of itself.'" 56
> Kan. App. 2d at 1271.

This court found that the district court's reliance on Duran's possible use of weapons and future contribution to the drug economy was "nothing more than general supposition." 56 Kan. App. 2d at 1275. This court reasoned that Duran simply had the

7

weapons in his possession at the time of his arrest and he did not use them in committing the crime. 56 Kan. App. 2d at 1275. This court also noted that the reasons for Duran's probation revocation—that he did not report for treatment and tested positive for methamphetamine—were unrelated to use of weapons or crimes of violence. 56 Kan. App. 2d at 1275. This court summarized:

"Findings that a defendant has repeatedly failed to complete treatment and therefore will likely continue to do so, leading to the possession of weapons, which will lead to the commission of more crimes and which will undoubtedly fuel the drug economy, is an approach that relies on a series of speculative and generalized predictions without explaining their connections to the particular facts of Duran's case. It is nothing more than saying 'you messed up, you will probably keep messing up, so you are not amenable to probation.' . . . And if courts can base their public safety findings on such generalized conclusions that a defendant's continued drug usage fuels the drug economy, all probation revocations for drug usage could result in such a finding and the bypassing of intermediate sanctions. . . . Broad generalizations that equally could apply to all similar cases are not sufficiently particularized to meet the requirements of K.S.A. 2018 Supp. 22-3716(c)(9)(A)." 56 Kan. App. 2d at 1275-76.

Here, the district court did not make the required findings with particularity. The journal entry stated Whittier was a danger to the community because some of her crimes were committed while she was on bond and she possessed a firearm and brass knuckles during those crimes. Of course, the district court knew these facts when it placed Whittier on probation. The journal entry also cited Whittier's "refusal to report as directed, her continual use of methamphetamine, and her dishonesty as to her place of residence and employment" as making her a danger to the community. At the hearing, the court stated:

"She was presumptive prison because the crimes were committed while she was on bond or supervision and then we have the charges themselves. She's got brass knuckles. There's really no socially acceptable reason to have brass knuckles. She has a firearm. It's not just, it isn't just not socially acceptable for her to have a firearm but it's a crime for her to have a firearm because she's selling drugs and then we have her selling drugs to people

8

and so the question is really okay; is it reasonable to take a chance on using intermediate sanctions for her in hopes that the community is not going to be harmed or do we have to say okay, maybe if I get her enough chances she's going to get it but also there's a significant chance, if not a probability that she's not going to get it and somebody is going to get seriously hurt, either becoming addicted to drugs, getting involved in a dangerous drug transaction, getting involved in a dangerous drug transaction with her when somebody gets shot or gets their facial bones shattered by a brass knuckles or something like that."

As in *Duran*, the district court erroneously relied on general supposition that Whittier may use weapons while committing drug crimes in the future. As in *Duran*, Whittier merely possessed the weapons when she was arrested, she did not use them in her underlying crimes. And Whittier's violations were for failing to report to community corrections, failing to report her residence and employment, failing to report for UAs, and testing positive on one UA. There was no sign that her probation was being revoked for use of weapons or crimes of violence. As in *Duran*, the district court relied on broad generalizations that could apply in any case when a defendant was originally arrested for a drug crime and possessed a weapon. The district court did not make any findings particular to Whittier's case that establish that at the time of the revocation hearing, if she was to remain on probation, public safety would be jeopardized.

Along with the district court's speculation that Whittier might commit crimes in the future, the district court relied on her noncompliance with community corrections to find that she was a danger to the public:

"That's one of the main reasons she's a danger to the community. She's committing very dangerous crimes. She's committing dangerous crimes armed with deadly and/or dangerous weapons. She's not telling the truth to her Community Corrections officer. She's not reporting for her UAs. She's not doing her treatment. She's not at the job where she's supposed to be. She doesn't tell us where the job is. She lies to her Community Corrections officer, so all of those reasons show that she can't be

9

supervised and we can't have any faith that the community is safe so I believe that it is appropriate to find under, for all those reasons that she, the Court should invoke the authority under [K.S.A. 2017 Supp. 22-3716(c)(9)] to not only find that she was granted a departure but also find that she's a danger to the public safety."

But the district court cannot merely rely on Whittier's failure to meet the requirements of community corrections to fulfill the public safety exception without further explanation of *how* the members of the public would be jeopardized if she remained on probation. See *McFeeters*, 52 Kan. App. 2d at 49. In fact, this was the same mistake the district court made in Whittier's first revocation hearing and the previous panel's reason for remanding the matter. See *Whittier*, 2018 WL 4939363, at *3 (finding district court's reliance on Whittier's failure to report and failure to tell the truth did not meet the requirements of the public safety exception because the district court failed to explain *how* the safety of the public would be jeopardized if she remained on probation). In sum, the district court did not make the required findings with particularity necessary to apply the public safety exception to bypass imposing intermediate sanctions.

As in her first appeal, we vacate the order sending Whittier to prison and remand her case to the district court for a new dispositional hearing. But we are permitted to broaden our remand order for the next hearing. At that hearing, the district court can either (1) impose an intermediate sanction or (2) set forth any statutory ground for bypassing an intermediate sanction in Whittier's case that the record supports.

Vacated and remanded with directions.

10