NOT DESIGNATED FOR PUBLICATION

No. 121,205

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON J. REED,
*Appellant*.


MEMORANDUM OPINION

Appeal from Rice District Court; CAREY L. HIPP, judge. Opinion filed July 17, 2020. Reversed and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Remington S. Dalke*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Brandon J. Reed pled no contest to conspiracy to commit aggravated robbery with a firearm and aggravated assault with a firearm. At sentencing, the district court granted Reed's motion for a dispositional departure and placed him on probation. After Reed admitted to violating the terms of his probation, the district court revoked his probation because Reed received a dispositional departure. Reed appeals, arguing the district court could not revoke his probation based on the dispositional departure exception because he committed his crimes before the dispositional departure exception became effective. In accordance with *State v. Coleman*, 311 Kan. ___, 460 P.3d 828, 830 (2020), we agree and remand the matter for a new dispositional hearing.

1

FACTS AND PROCEDURAL HISTORY

On November 21, 2017, Reed pled no contest to conspiracy to commit aggravated robbery with a firearm and aggravated assault with a firearm. Reed committed both crimes on April 25, 2017. On February 6, 2018, the district court sentenced Reed to a controlling term of 61 months' imprisonment but granted his motion for a dispositional departure and imposed 36 months' probation after he served 60 days in jail.

On September 24, 2018, Reed admitted to violating his probation by testing positive three times for cocaine and marijuana and failing to engage in outpatient treatment. Reed waived the violation hearing and accepted a two-day quick dip sanction.

On January 22, 2019, the district court issued an arrest warrant stating Reed violated the terms of his probation by (1) being unsuccessfully discharged from treatment; (2) testing positive for cocaine, alcohol, and marijuana on two separate dates; (3) failing to report; and (4) changing employment without notifying his supervision officer. The district court held a hearing on April 17, 2019, and Reed admitted the probation violations. The district court revoked Reed's probation and ordered him to serve his original sentence because he had received a dispositional departure and because he was not amenable to treatment. The journal entry reflected Reed received only one prior quick dip sanction and the district court checked the box stating it was revoking probation "because of public safety or offender welfare finding." Reed timely appealed.

ANALYSIS

At the time of Reed's probation violation hearing, K.S.A. 2018 Supp. 22-3716 outlined the procedure the district court was required to follow before revoking Reed's probation and executing the original sentence. Reed had received only one prior intermediate sanction and the district court was required to impose at least one additional

sanction before revoking his probation. K.S.A. 2018 Supp. 22-3716(b). The statute also enumerated some exceptions that allowed the district court to revoke Reed's probation without imposing intermediate sanctions, including if the probation was granted as the result of a dispositional departure. K.S.A. 2018 Supp. 22-3716(c)(9)(B). The dispositional departure exception became effective on July 1, 2017.

Reed argues, for the first time on appeal, that the district court could not revoke his probation based on the dispositional departure exception because the exception became effective after he committed his crimes of conviction. Reed correctly argues this court can hear his argument for the first time on appeal because it is a question of law arising on admitted facts and it is determinative of the case. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

In *Coleman*, the Kansas Supreme Court recently held the dispositional departure exception cannot be applied when a defendant committed the crime of conviction before the dispositional departure exception's effective date:

> "we hold that the K.S.A. 2017 Supp. 22-3716(c)(9)(B) exception, which allows a trial
> court to revoke a probationer's probation without first imposing graduated sanctions if the
> probation was granted as a result of a dispositional depa[]rture, applies only to
> probationers whose offenses or crimes of conviction occurred on or after July 1, 2017."
> 460 P.3d at 832.

The *Coleman* court reasoned that a statute operates prospectively unless there is clear language indicating the Legislature intended it to apply retrospectively, and no retrospective language existed in relation to the dispositional departure exception. 460 P.3d at 832.

Here, Reed's crimes of conviction occurred before the dispositional departure exception was effective. Thus, in accordance with *Coleman*, the dispositional departure

3

exception cannot be used to revoke Reed's probation. The district court also revoked Reed's probation finding that he was "not amenable to probation," but a probationer's amenability to probation is not a recognized exception for circumventing the graduated sanctioning scheme under K.S.A. 2018 Supp. 22-3716(b). And while the journal entry reflected that the district court revoked Reed's probation based on the public safety or offender welfare exception, the district court made no such finding at the hearing. See *State v. Baldwin*, 37 Kan. App. 2d 140, 143, 150 P.3d 325 (2007) (stating the oral expression of a probation revocation controls over the journal entry).

Finally, we note that since Reed's probation was revoked, the controlling statute was amended to allow the district court to revoke a defendant's probation after imposing only a two-day or three-day jail sanction, which Reed already has received. See K.S.A. 2019 Supp. 22-3716(c)(1)(C). But the district court has the discretion to impose multiple two-day or three-day jail sanctions. At Reed's probation violation hearing on April 17, 2019, the district court erred by using the dispositional departure exception as the only statutory reason to revoke Reed's probation. Thus, we must reverse the district court's order executing Reed's original sentence and remand for a new dispositional hearing.

Reversed and remanded with directions.