NOT DESIGNATED FOR PUBLICATION

No. 122,656

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSE E. MARTINEZ,
*Appellant*,

v.

STATE OF KANSAS and JOE HRABE,
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed September 3, 2021. Affirmed in part, reversed in part, and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellees.

Before WARNER, P.J., CLINE, J., and WALKER, S.J.

PER CURIAM: Jose Martinez pleaded guilty to committing 29 crimes over the course of a year. After the court sentenced him to a controlling 91-month prison term, Martinez filed a pro se motion to withdraw his plea, alleging that his counsel had led him to believe he would be placed on probation and that the State violated the plea agreement at sentencing. The district court denied Martinez's motion after an evidentiary hearing.

Martinez appeals the court's ruling, arguing the court should have treated his plea-withdrawal motion as a claim of ineffective assistance of counsel under K.S.A. 60-1507. He also argues that he received an illegal sentence because the district court failed to

1

include a period of postrelease supervision during his sentencing hearing. For the reasons we explain in this opinion, the district court did not err when it treated Martinez's pro se motion as a motion to withdraw his plea, and we affirm the court's denial of that motion. But we agree with Martinez's second point—the case must be remanded for resentencing to allow the court to pronounce a period of postrelease supervision in open court.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Martinez with committing 32 criminal offenses over the course of a year between October 2016 and November 2017. Martinez pleaded guilty to 29 of the counts, including 7 counts of theft, 4 counts of making false information, 2 counts of interference with a law enforcement officer, 2 counts of criminal damage to property, 2 counts of burglary, 2 counts of possession of drug paraphernalia, and 1 count each of attempted cultivation of marijuana, possession of marijuana with intent to distribute, aggravated false impersonation, possession of marijuana with intent to sell, driving on a suspended license, illegal transportation of liquor, illegal display of tag, failure to have insurance, attempted making false information, and possession of methamphetamine. The State dismissed the remaining three charges.

At the plea hearing, the prosecutor summarized the plea agreement. The prosecutor explained that Martinez would plead guilty to each of the pending charges. Then, "[a]t sentencing the parties [would] recommend standard sentences on all counts." The prosecutor further explained that the parties agreed that four sentences would be served consecutively—for possession of marijuana with the intent to distribute, one of the counts of making a false information, and the two burglary offenses—and all other sentences would be served concurrently. The prosecutor noted that Martinez was free to "file a motion for dispositional departure," which "the State is free to oppose." But the State would continue to recommend the sentence outlined in the plea agreement if Martinez filed a motion for a durational departure.

2

Once the prosecutor had completed his summary, the court addressed Martinez and his attorney, asking if the State's summary of the agreement was correct. Both Martinez and his attorney answered, "Yes." Martinez stated he understood the charges against him. The court explained the penalties for each charge Martinez was facing and asked him about the factual basis for each offense. Once the court had walked Martinez through the charges against him, the potential penalties he was facing, and the rights he was waiving by entering a plea, Martinez confirmed that he understood the nature and consequences of his plea. He also stated that he was not under the influence of drugs or alcohol and had no complaints about the representation he had received from his counsel. Following this discussion, the court accepted Martinez's plea.

After this plea hearing but before sentencing, Martinez filed a motion for a dispositional departure, asking the court to suspend any prison sentence and order him to serve probation. Martinez noted that his convictions were largely drug related, and he indicated that he would benefit from receiving drug treatment instead of being incarcerated. The State opposed the motion, noting the number of offenses involved and the fact that Martinez had been previously convicted of similar offenses. The district court found that Martinez had not shown substantial and compelling reasons to depart from the presumptive sentence and denied his motion.

The court sentenced Martinez to a controlling 91-month prison term. To reach this number, the court ordered that the sentences for possession of marijuana with the intent to distribute, one count of making a false information, and burglary be served consecutively and the sentences for the other 25 convictions be served concurrently. The court did not announce any period of postrelease supervision at the sentencing hearing. However, it included a 36-month supervision term in its journal entry.

3

About six months later, Martinez filed a pro se motion titled a "Petition for a Writ of Habeas Corpus Pursuant to K.S.A. 60-1507." Despite this title, the first paragraph of the motion indicated that Martinez was asking the court to "withdraw the plea bargain agreement." The motion alleged that his trial attorney and the State had misrepresented the terms of his plea agreement. Martinez indicated that he had been under the impression, based on the representations of both his attorney and the prosecutor regarding the terms of the agreement, that sentences for all offenses would have been run concurrently and that any prison sentences would have been suspended to allow him to be placed on probation. He also alleged that his trial counsel should have objected to representations by the State at sentencing when it opposed his request for probation, as he believed some of the evidence the State described would have been inadmissible at trial.

The district court appointed counsel to represent Martinez and eventually held an evidentiary hearing where Martinez testified. During his testimony, Martinez acknowledged—contrary to his allegations in his motion—that the State had not agreed to argue for a dispositional departure as part of his plea agreement. He also indicated that the representation in his motion that his trial attorney had informed him he would receive probation was not accurate; the attorney had told him she thought there was a good chance ("70 to 80%") that he would receive a dispositional departure, but she "never said 100%." Despite these inconsistencies with the allegations in his motion, Martinez testified that he believed he would receive probation in exchange for entering his plea.

Martinez provided no testimony or other evidence regarding his evidentiary allegations relating to the State's sentencing arguments. And Martinez made no argument that the State misstated the facts when it argued against a departure. He conceded that he knew the charges against him, the penalties associated with each charge, and that he had informed the court at the plea hearing that he understood the terms of his plea agreement.

4

After hearing Martinez's testimony, the court made several findings from the bench. First, the court found that Martinez was competent at the plea hearing and at sentencing. The court also found that the plea agreement did not include any promise of a dispositional departure. The court noted that during the plea hearing and the sentencing hearing, Martinez confirmed that he understood the plea agreement, as well as "the State's option to argue against probation." The court observed that Martinez included "an intentional misstatement of the facts" in his motion to withdraw his plea when he alleged that the State had agreed to support a request for probation, when he knew that was not the case.

Based on these findings, as well as its recollection of the previous proceedings, the court found that Martinez's plea was knowingly and voluntarily given. And the court emphasized that "Martinez's hope for a departure did not make his acceptance of the plea agreement involuntary." The court therefore denied Martinez's motion and memorialized its ruling in a journal entry. This appeal followed.

DISCUSSION

Martinez raises two broad issues on appeal. *First*, he claims that the district court erred when it construed his pro se motion as a motion to withdraw a plea, rather than a claim based on ineffective assistance of counsel under K.S.A. 60-1507. Martinez argues that the court's factual findings were not sufficient, under Supreme Court Rule 183(j) (2021 Kan. S. Ct. R. 239), to support its ruling. And he asserts that the court never addressed whether Martinez's previous counsel provided ineffective assistance of counsel at sentencing. *Second*, he claims the court erred when it included a term of postrelease supervision in the journal entry of sentencing when it did not announce a term of postrelease supervision at the sentencing hearing.

5

We find that the district court properly analyzed Martinez's motion as a request to withdraw his plea. And the court did not abuse its discretion when, after considering Martinez's testimony, it denied that request. But we agree with Martinez that his case must be remanded so the court can impose a period of postrelease supervision from the bench while Martinez is present.

1. *The district court did not err in denying Martinez's motion to withdraw his plea.*

Martinez argues that the district court erred in two ways when it denied his motion. First, he asserts that the court should have analyzed his claim regarding the facts surrounding the State's arguments at sentencing—when the State opposed a dispositional departure based on Martinez's conduct giving rise to his convictions—separately from the plea-withdrawal request. He asserts that the court should have construed these arguments as a claim brought under K.S.A. 60-1507 for ineffective assistance of sentencing counsel. Second, Martinez contends the court should have granted his request to withdraw his plea. We find neither argument persuasive.

Turning to Martinez's first argument, it is not unusual—as Martinez acknowledges on appeal—for a motion labeled under K.S.A. 60-1507 to be treated as a motion to withdraw a plea. This is because "[c]ourts are to interpret pro se pleadings based upon their contents and not solely on their title or labels." *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). That is, when "construing pro se postconviction motions," courts should avoid formalism by focusing on "the relief requested." 310 Kan. at 18. Whether the district court properly construed Martinez's pleading as a motion to withdraw his plea is a question of law subject to unlimited review. 310 Kan. at 18.

Applying these principles here, the district court properly found that it was not bound by the title of Martinez's motion: "Petition for a Writ of Habeas Corpus Pursuant to K.S.A. 60-1507." In fact, the Kansas Supreme Court has indicated that the failure to

6

follow a filing's title without analyzing the nature of the relief sought may lead to reversal. See *State v. Kelly*, 291 Kan. 563, 565-66, 244 P.3d 639 (2010) (pro se K.S.A. 60-1507 motion should have been construed as motion to withdraw plea under K.S.A. 22-3210). And the district court noted, upon reviewing the substance of the motion here, that Martinez sought to withdraw his plea.

We agree with the court's assessment. In the first paragraph (immediately after the title of his motion), Martinez indicated that he sought to withdraw his plea. The entire motion concerned this plea-withdraw request: He alleged that he should be allowed to withdraw his plea because the State violated the plea agreement when it argued against his request for probation (an allegation he acknowledged at his evidentiary hearing to be false). And he asserted that he should be allowed to withdraw his plea because his trial attorney misled him about the sentence he would likely receive and failed to object to the State's comments during sentencing.

Though Martinez did raise questions in his motion about his attorney's conduct (before the plea hearing and at sentencing), those questions all were focused on his plea-withdrawal request. The motion asserted, for example, that his attorney had informed him that the plea agreement would cause him to be placed on probation, and he should be allowed to withdraw his plea based on this incorrect information. Martinez asserted in the motion that he was "adamant that he would have exercise[d] his Constitutional right to a Trial By Jury" if his counsel had fully apprised him of the terms of the plea agreement. The motion likewise claimed that by not objecting to the State's comments at sentencing opposing Martinez's request for probation, the attorney helped the State violate the plea agreement. Putting aside momentarily the merits of these allegations, it is clear that Martinez sought to withdraw his plea, not some other postconviction relief. The district court did not err when it analyzed Martinez's motion as a request to withdraw his plea under K.S.A. 22-3210.

7

We are thus left to consider Martinez's second argument—that the court erred when it denied his plea-withdraw request. K.S.A. 2020 Supp. 22-3210(d)(2), which governs requests to withdraw a plea filed after sentencing, allows a court to set aside a plea to "correct manifest injustice." This court will not disturb a district court's denial of a postsentence motion to withdraw plea "absent an abuse of discretion." *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). A judicial action constitutes an abuse of discretion if no reasonable person would agree with the court's ruling or if the decision is based on a factual or legal error. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Martinez bears the burden to show the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

When determining whether a defendant has established manifest injustice, this court generally looks to the three factors discussed in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): "'(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made.'" *Johnson*, 307 Kan. at 443. While these factors establish criteria for a district court to consider when ruling on a motion to withdraw a plea, the factors are not exclusive, and courts may find that other relevant facts exist in a particular case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

As a starting point, the district court found that Martinez had not shown that he had been misled, coerced, or otherwise ill-used. On appeal, as in his original motion, Martinez alleges the State breached the terms of the plea agreement and misled him about whether he would be receiving probation. But when Martinez testified, he admitted that the State never agreed to recommend probation and that his plea counsel did not guarantee him that outcome. In fact, under the plea agreement, the State was free to oppose any request for a departure. At the evidentiary hearing, Martinez stated that he

8

was confused about what the word "oppose" meant, but the district court did not find this caveat convincing. The court's conclusion is supported by the record.

On appeal, Martinez has changed his focus, now emphasizing his argument that his trial counsel provided constitutionally deficient representation. To prevail on this point, Martinez must show that his trial counsel's performance was objectively unreasonable and, but for his trial counsel's deficient performance, he would not have entered his plea. See *Johnson*, 307 Kan. at 447. Martinez contends his plea counsel did not fully inform him of the details of his plea, failed to recognize alleged evidentiary problems in the State's case until after the plea was entered, and failed to make objections during sentencing.

Martinez only discussed one of these allegations—his attorney's explanation of the plea—at the evidentiary hearing. Though Martinez originally stated that his trial attorney had informed him he would receive probation, he acknowledged in his testimony that his attorney merely stated he had a good chance of receiving probation. But Martinez was aware that the State would be recommending the presumptive sentence under the guidelines and could oppose any request for a dispositional departure. Based on this testimony, the court found that Martinez's attorney had not misrepresented the nature of the plea agreement. Again, this finding was supported by evidence in the record.

On appeal, Martinez raises two other claims regarding his attorney's alleged deficiencies. First, he asserts that the attorney should not have allowed him to plead guilty to attempted cultivation of marijuana, as the attorney made comments at sentencing questioning the factual basis for that charge. We note that this argument was never raised below, meaning the district court never had the opportunity to consider the question or develop a record that would permit review. See *State v. Parry*, 305 Kan. 1189, 1191-92, 390 P.3d 879 (2017) (Generally, "a reviewing court will consider only those matters the parties raised in trying their case."). Martinez provides no convincing

9

explanation as to why this court should consider the issue for the first time on appeal, asserting only that it raises a question regarding his fundamental right to competent representation. This exception is not unbounded, however. Martinez does not demonstrate how the record before us would permit us to consider this issue or any compelling reason to do so—particularly when the district court engaged in a discussion with Martinez of the cultivation charge at the plea hearing, and Martinez personally acknowledged that he had committed that offense.

Second, Martinez argues that his attorney should have objected at sentencing to the State's comments that a departure should not be granted, as those comments included facts that were not otherwise part of the record. In particular, Martinez asserts that some of the facts the prosecutor mentioned during his argument were not discussed at the plea hearing. And because there was not a preliminary hearing in this case, he asserts the prosecutor's comments were improper.

It is generally true that a prosecutor must confine his or her discussion—even at sentencing—to matters admitted or in evidence. But there are at least three problems with the argument Martinez raises. First, because these comments were made at sentencing (that is, after the plea hearing), they could not have influenced Martinez's decision to enter his plea. Second, to the extent Martinez's motion raised questions regarding the State's comments at sentencing (and his counsel's lack of objection to those comments), the questions in the motion were directed toward his argument that the State had breached the plea agreement—an allegation Martinez acknowledged was unfounded. And third, even if the prosecutor's comments were not supported by the record, Martinez has not shown any prejudice flowed from the statements. See *Johnson*, 307 Kan. at 447. When the district court denied Martinez's request for a departure, it did not do so based on the prosecutor's representations. Instead, it was concerned with the number of offenses involved, as well as Martinez's criminal history (which included multiple charges for criminal possession of a weapon and at least one other false-reporting offense).

10

The other instances of deficient performance Martinez raises are either not supported by the record or do not show that his plea counsel was objectively ineffective in negotiating his plea. Thus, Martinez has not shown that his plea resulted from any unreasonable representation by his attorney.

In his final argument regarding his plea-withdrawal request, Martinez argues his plea was not knowingly and understandingly made because he did not understand the terms of the plea agreement. But the transcript of the plea hearing belies this argument. The State explained the terms of the plea agreement at the beginning of the hearing, and Martinez confirmed his understanding of that agreement at that time. At the end of the plea hearing, after discussing all the charges to which he was pleading and their penalties, Martinez confirmed again that he understood the nature and consequences of his plea and had no complaints about his counsel's representation.

In short, the district court did not err when it denied Martinez's request to withdraw his plea.

2. *The case must be remanded to allow a term of postrelease supervision to be pronounced from the bench.*

In his second argument on appeal, Martinez argues that the district court entered an illegal sentence when it included a 36-month term of postrelease supervision in the sentencing journal entry, even though no supervision term was pronounced at the sentencing hearing. We agree.

K.S.A. 2020 Supp. 22-3424(a) directs that the "judgment [in a criminal case] shall be rendered and sentence imposed in open court." To this end, K.S.A. 2020 Supp. 21-6804(e)(2) requires a sentencing court to "pronounce the complete sentence which shall

11

include the: (A) Prison sentence; (B) maximum potential reduction to such sentence as a result of good time; and (C) period of postrelease supervision at the sentencing hearing."

It is a well-established corollary to these principles that a sentence is effective when it is pronounced from the bench at a sentencing hearing. *State v. McDaniel*, 292 Kan. 443, 445, 254 P.3d 534 (2011). A sentence derives its effectiveness from this pronouncement, not from a subsequent journal entry. See *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007). The journal entry

> "'is thus a record of the sentence imposed; but the actual sentencing occurs when the defendant appears in open court and the judge orally states the terms of the sentence.' . . . Announcing the sentence in the defendant's presence 'protects the defendant's rights, as "[t]he defendant is personally present [when the sentence is imposed], and thus knows that *at that moment* he or she has been sentenced, fined, or placed on probation, or that the imposition of sentence has been suspended."'" *State v. Hilt*, 307 Kan. 112, 128, 406 P.3d 905 (2017) (quoting *Abasolo*, 283 Kan. at 303, 308).

And the district court does not have jurisdiction after the sentencing hearing to change the sentence that was pronounced, although it may correct clerical errors in a written judgment. *McDaniel*, 292 Kan. at 445.

At the same time, K.S.A. 2020 Supp. 21-6804(e)(2)(C) indicates that terms of postrelease supervision are mandatory. Thus, the "[f]ailure to pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision." K.S.A. 2020 Supp. 21-6804(e)(2)(C). To reconcile these two legal principles—mandatory postrelease supervision and the requirement that postrelease-supervision terms be pronounced from the bench to be effective—several panels of this court have determined that a sentencing court's failure to pronounce the period of postrelease supervision at the sentencing hearing results in an incomplete sentence and requires a remand to pronounce a term of postrelease supervision and thus complete the

sentencing hearing. See, e.g., *State v. Arrocha*, 42 Kan. App. 2d 796, 798, 217 P.3d 467 (2009); *State v. Bott*, No. 120,970, 2020 WL 3487480, at *2-3 (Kan. App. 2020) (unpublished opinion); *State v. Rolls*, No. 119,107, 2019 WL 6224398, at *5 (Kan. App. 2019) (unpublished opinion). We find this rationale persuasive.

The district court failed to pronounce a complete sentence when it neglected to include the postrelease supervision portion of Martinez's sentence while pronouncing his sentence from the bench. Contrary to the State's arguments on appeal, the court did not have jurisdiction to fix that omission by merely including a term of postrelease supervision in the journal entry. Instead, the court's inclusion of postrelease supervision terms in the journal entry was effectively an imposition of a sentence outside of Martinez's presence. *State v. Baldwin*, 37 Kan. App. 2d 140, 143, 150 P.3d 325 (2007) ("Absent a waiver, a sentence imposed outside the defendant's presence is void.").

A sentence is illegal if, among other reasons, it is imposed by a court lacking jurisdiction or fails to conform to the applicable statutory provisions. K.S.A. 2020 Supp. 22-3504(c)(1). When the district court failed to pronounce a term of postrelease supervision from the bench at sentencing, the resulting sentence did not comply with K.S.A. 2020 Supp. 21-6804(e)(2)(C) and K.S.A. 2020 Supp. 22-3424(a). Because Martinez received an incomplete sentence, we must reverse and remand the case to the district court so that it may complete the sentencing hearing and pronounce the appropriate supervision term in open court, in conformance to Kansas law.

Affirmed in part, reversed in part, and remanded with directions.

13